## WILLIAM B. STEWART *v.* DANIEL MORRISON'S Executor.

1. GUARDIAN AND WARD: COURT OF PROBATES: CAN APPOINT GUARDIANS FOR ORPHANS ONLY.—The Court of Probates has no jurisdiction to appoint a guardian for a minor, whose father is living.

2. SAME: MEANING OF "ORPHAN."—The legal meaning of the term "orphan" is "a fatherless child." See 2 Tomlin's Law Dict. 678; *Paston* v. *Young,* 7 J. J. Marsh. 501.

APPEAL from the Court of Probates of Hinds county. Hon. John W. Robb, judge.

In June, 1855, D. Morrison filed a petition in the Court of Probates of Hinds county, representing that the appellant, W. B. Stewart, had in his possession a large amount of property belonging to his two children, Alexander and John Stewart, who were the issue of the said Stewart and his first wife, who is now dead, and was a niece of petitioner; that said Stewart was not using this property to the advantage of his said wards, but "is wasting, selling, or otherwise squandering the same."

To this petition Stewart demurred, and assigned for cause, among others, that the Court of Probates had no jurisdiction of the matter. The demurrer was overruled, and Stewart answered, denying that he was wasting the estate of his children.

On final hearing the court decreed, that Stewart should take out letters of guardianship for his said children, and in case of his default therein, that such letters be granted to any suitable person who should apply for the same. From this decree Stewart appealed to this court.

*T. J.* and *F. A. R. Wharton,* and *George L. Potter,* for appellant, Cited 2 Tomlin's Law Dict. 678 ; *Paston* v. *Young,* 7 J. J. Marsh. 501 ; *Hall* v. *Lay,* 2 Ala. R. 529 ; 1 Tuck. Com. 76 ; Jacobs's Law Dict. ; *Gamage* v. *Noble,* 24 Miss. R. 150.

No counsel appeared for appellee.

HANDY, J., delivered the opinion of the court.

The question presented in this case is, whether the Court of Probates has jurisdiction to appoint a guardian of the estate of a minor, whose father is then living, upon a petition representing that the father is wasting the estate.

The 18th section of the 4th article of our present Constitution authorizes the establishment of Courts of Probate, with jurisdiction in all matters testamentary and of administration in orphans' business, and the allotment of dower, in cases of idiotcy and lunacy, and of persons *non compos mentis.*

Under a similar provision, with reference to orphans' business, in the original Constitution of this State, the legislature enacted laws upon the subject in the year 1821; and the jurisdiction of the court in the matter of the appointment of guardians to orphans, was regulated as follows: "The Orphans' Court of any county of this State shall have power to appoint guardians to orphans under the age of fourteen years: provided, none shall have been appointed by deed, or last will and testament of the father of such orphan, according to the provisions of this act." In case no such appointment shall have been made, or the person appointed shall renounce the trust, or fail to give bond, provision is then made for allowing orphans of fourteen years of age or upwards, to choose guardians of their own selection, and the mode is prescribed; "but if such orphan shall elect a person, other than the natural guardian, the court shall have power, at discretion, to appoint such natural guardian in lieu of the person so chosen by such orphan." And if any orphan of the age of fourteen (years) or upwards, shall fail to appear and choose a guardian as aforesaid, the court shall cite such orphan to appear at the next term and elect a guardian; and in default, the court shall have power to appoint a guardian to such orphan, as if he was under fourteen years of age, giving preference to the natural guardian or next of kin, unless manifestly unsuitable. Hutch. Code, 504, § 125.

It thus appears that jurisdiction is only given to the court to appoint guardians to minors, who are *orphans;* and the question is, what persons are embraced within that term as employed in the statute.

The legal meaning of the term "orphan" is, "a fatherless child." 2 Tomlin's Law Dict. 678; *Paston* v. *Young,* 7 J. J. Marshall, 501. And it must be taken to have been used in the Constitution and by the legislature in that sense, unless it appears by the context of the statute to have been employed in a broader sense. Upon an examination of the phraseology of the statute, there appears to be nothing in it showing that the term was employed otherwise than in its legal sense. The only expressions in it from which it could at all be inferred that the term was intended to embrace a child whose father is living and whose mother is dead, are the provisions authorizing the appointment of the natural guardian of the orphan,

and giving precedence to such natural guardian over the person elected by the child as his guardian. But these expressions may be satisfied without varying or enlarging the legal import of the term " orphan ;" for the mother of a fatherless child is the natural guardian of the child, and is embraced in the provisions of this statute.

The legal import of the term is the same as the common understanding of it ; and they both proceed upon the idea that the father is the main source of support and protection to his child. Hence, it would be equally opposed to the legal rule and the common acceptation, to say that a child, whose father is still living, is an orphan.

For these reasons, we think that the court had not jurisdiction to make the appointment, and that the demurrer to the petition should have been sustained, and the petition dismissed.

The judgment is reversed, and the petition dismissed.

Note.—By the Act of the 11th February, 1860 (Session Laws, ch. 207, p. 263), provision is made for the appointment in chancery of trustees for infants who have an estate in their own right, and whose fathers are alive.