IN THE

# HIGH COURT OF ERRORS AND APPEALS

FOR THE

STATE OF MISSISSIPPI.

---

## OCTOBER TERM, 1864.

### Ex parte JOHN J. ATKINSON.

1. PROBATE COURT: JURISDICTION OF: MINORS.—The Constitution of this State confers on the Probate Court jurisdiction in orphans' business, and under this grant of power it has no jurisdiction over minors who are not orphans, and no authority to appoint a father guardian of his child.
2. SAME: CONSTITUTIONALITY OF ACT AUTHORIZING THE APPOINTMENT OF GUARDIANS OF MINORS.—The jurisdiction of the Probate Court is limited, by the constitution, to orphans' business; and the legislature cannot confer upon it jurisdiction over the persons and estates of minors who are not orphans; and article 142, page 460, of the Rev. Code, attempting to confer such jurisdiction, is unconstitutional.

ERROR to the Probate Court of Madison county. Hon. W. S. Bailey, judge.

The opinion of the court recites the facts of the case.

*Jno. Handy*, for plaintiff in error, contended,

That the case of *Stewart* v. *Morrison*, 38 Miss. 417, was decided under a different state of the statute law from that which now exists, and under which this case arose. The Rev. Code, latter clause of article 142, page 460, provides that "any minor, whose father or mother shall be living, may have a guardian

2

appointed by the Probate Court." It is competent for the legis lature to confer this special jurisdiction on the Probate Court.

HURST, J., delivered the opinion of the court.

The plaintiff in error filed his petition in the court below, praying that letters of guardianship might be granted to him, upon the persons and estates of William C. and Reeves N. Atkinson, who are minors, under the age of fourteen years; and that said minors are the children and heirs-at-law of Mily Atkinson, who was a daughter and heir-at-law of Coleman Nichols, deceased; and that said Mily Atkinson died before Coleman Nichols; and that Coleman Nichols died intestate, leaving the minor children, aforesaid, with others, as heirs and distributees of his estate; and that said minors are now living with petitioner in Madison county, Miss.   That Coleman Nichols' estate is in process of administration; and will soon be ready for distribution; and that the two minors above named are entitled as heirs and distributees to a portion of said Coleman Nichols' estate, both real and personal.   Petitioner shows that he is the father of said minors, and expects to be able to show, on the hearing of his petition, that he is suitable for the trusts of guardianship, and prays that letters may be granted, etc.   The court below dismissed the petition, and a writ of error taken to this court. The plaintiff in error insists that the latter clause of article 142, Rev. Code, page 460, confers upon the Probate Court authority to grant letters of guardianship in cases of minors whose fathers are living.    It is true the legislature intended to invest the Probate Court with the power that is claimed.    The act provides: " If any minor, whose father or mother be living, shall be entitled to any estate, real or personal, it shall be the duty of the Probate Court of the proper county to appoint a guardian to such minor, for the management of his or her estate, in the same manner as if he or she were an orphan; and said guardian shall have the same powers and perform the same duties, give bond, etc., as in other cases of guardianship."   The only question in this case presented for our decision is the constitutionality of the act above referred to, and that question, we think, is of

easy solution. In the case of *Stewart v. Morrison, Ex.* 38 Miss. Rep. page 417, it was held that none but a fatherless child was an orphan. In this case, by the petition, it is shown that the father is living. The revised constitution of the State, article 4, section 18, creates the Probate Court and defines its jurisdiction. It provides: "That a court of probate shall be established in each county of this State, with jurisdiction in all matters testamentary and of administration, in orphans' business, and allotment of dower, in cases of idiocy and lunacy, and of persons *non compos mentis.*" The act of the legislature attempts to confer on the Probate Court the right to grant letters of guardianship on the persons and estates of minors who are not orphans, and is not in accordance but contrary to the above provisions of the constitution, and therefore void.

Let the decree be affirmed.

NOTE.—The Convention of 1865 amended the constitution of the State so as to give jurisdiction to the Probate Court " in minors' business."—*Ordinances of Convention, page* 36.