| 36  437|
| 91a 434|

STATE TO USE OF CHARLES S. HEMPSTEAD, Appellant, *v.* FELIX COSTE AND JAMES HARRISON, Respondents.

*Administration—Judgment—Estoppel.*—Hempstead v. Hempstead's Administrator,'affirmed.  Where no action can be sustained against the administrator, none can be maintained against his securities ; and a judgment in favor of the administrator is a bar to a suit, upon the same subject matter, against the securities, as they are in privity with him.

*Appeal from St. Louis Circuit Court.*

*Mumford*, for appellant.

*Glover & Shepley*, for respondents.

WAGNER, Judge, delivered the opinion of the court.

The same question is presented here that was passed on by this court in the case of Hempstead v. Hempstead's Adm'r et al., (32 Mo. p. 134.)  There, the suit was against the administrator Wilson, and judgment was given for the plaintiff in the Circuit Court ; but that was reversed by this court, and final judgment entered for the administrator.

An attempt is now made to charge the securities on the administration bond, for what this court has heretofore determined the administrator was not liable.  It is contended that the former judgment constitutes no bar or estoppel in this cause, because the securities were not parties to the record.  The judgment, as it stands, is conclusive against the right of appellant in this action.  The issue is precisely the same in this suit as it was in the former one ; and the judgment of a court of competent jurisdiction is conclusive in a second suit between the same parties, or their privies, on

the same question, although the subject matter may be different. (Doty v. Brown, 4 Comst. 71.)

The present suit cannot be maintained without permitting the facts to be tried again and found the other way. The only thing for us to decide is, whether the parties to the two suits are the same, or stand in such privity as to permit the application of the rules or principles above enunciated. In the first suit the action was against Wilson the administrator, and Biddle; and by an examination of the record, which was in evidence in the cause, we see that the allegations in the petition, and the cause of action, are identical with those stated in the present suit. Both are founded on the mal-administration of Wilson, and his neglect or refusal to account for, and make the proper application of assets, which it is alleged had come into his hands. The securities were directly interested in the event of that suit.

It has been held that the relation of master and servant, principal and agents, constitutes such privity as would enable one of the parties to avail himself of a judgment rendered in favor of or against the other party on the same question. There ought not be two judgments directly in conflict on the some question, and that conflict can only be prevented by denying the appellant the privilege of controverting the judgment that has already been obtained against him.

It is not true that the term parties, within the meaning of the rule which renders a prior judgment conclusive on those who sustain that character, is restricted to those who appear as parties on the record. But, on the contrary, it includes all who have a direct interest in the subject matter of the suit; a right to make a defence or control the proceedings. (1 Greenl. Ev. § 523; Duchess of Kingston Case, 20 How. State Trials, 538; Carver v. Jackson, 4 Pet. 85-6; Castle v. Noyes, 4 Kernan, 329; Bates v. Stanton, 1 Duer, 79.)

The judgment is affirmed. Judge Holmes concurs; Judge Lovelace absent.