BENJAMIN C. EARLE *v.* HARRIET CRUM.

1. GUARDIAN AND WARD: PROBATE COURT: JURISDICTION OVER MINORS.
— The Probate Court, before the constitutional amendment of 1865, had no power to appoint a guardian to a minor whose father was living; and all subsequent proceedings, relating to such appointment or the accounting of such guardian, are *coram non judice*, and void.

2. SAME: RESPONSIBILITY OF GUARDIAN WHOSE APPOINTMENT IS VOID. —
A guardian, whose appointment is a nullity, can be made responsible in the proper form for the property of the infant which has come into his hands, and for the management of his estate.

APPEAL from the Probate Court of Pontotoc county. Hon. Gwin R. Cherry, judge.

On the 15th February, 1859, Benjamin C. Earle was appointed, by the Probate Court of Pontotoc county, guardian of Harriet Crum, whose father was then living. Earle gave bond with security as guardian, returned an inventory, and filed two annual accounts, showing the condition of the estate in his hands. On the presentation of his second annual account, in March, 1861, the court, of its own motion, declined to accept the same, and revoked his letters of guardianship, on the ground that his guardianship was a nullity.

In April, 1866, a citation was issued by the Probate Court to Benjamin C. Earle, commanding him to appear at the May Term of the court and file his final account of the guardianship of Harriet Crum. Earle appeared, and answered that his appointment was a nullity, and that his letters of guardianship had been revoked. On demurrer to this answer, the court decreed that Earle was liable to account, and gave him until The June term of the court to file the same.

Earle having presented his final account, exceptions were taken thereto, which were sustained by the court, and a final

decree rendered against him.    From this decree an appeal was taken to this court.

*C. D. & J. D. Fontaine* for appellant.

*W. D. Bradford* for appellee.

No brief of counsel on file.

PEYTON, J., delivered the opinion of the court.

It appears that, at the February Term, 1859, of the Probate Court of Pontotoc county, the appellant was appointed, by said court, guardian of the persons and estates of John Crum and Harriet Crum, the appellee, infant children and heirs of Mary Crum, deceased; and that he returned inventories of the personal estates of his said wards, settled his first annual account of the guardianship of the appellee, and tendered to the court his second annual account as such guardian, which was rejected by said court at the March Term thereof, 1861, and his letters of guardianship revoked, on the ground of the want of power in the court to grant them, for the reason that Alexander Crum, the father of the said John and Harriet Crum, was living at the time of the appointment of the appellant as guardian as aforesaid; that, at the February Term, 1866, the said Alexander Crum was appointed by said court guardian of his said minor children, John and Harriet; that the appellant was cited to appear at the May Term, 1866, and render a final account of his guardianship of said John and Harriet Crum; and that he appeared at that term, and objected to rendering a final account as guardian, on the ground that the court had no jurisdiction, for the reasons, that the said minors, John and Harriet Crum, were not orphans at the time he was appointed their guardians, that his letter of guardianship had been revoked at a previous term for that reason, and that their said father had been appointed and was then their guardian.    These objections were overruled by the court, and the appellant required to settle his final account of his guardianship of the

appellee, which, exhibiting a balance due the appellee, was allowed by the court. From which decree the cause is brought to this court by appeal.

The constitution of this State, at the time the letters of guardianship were granted to the appellant, gave jurisdiction to the Probate Court in orphans' business. And, as the father of these minors was living at the time the appellant was appointed their guardian, they were not orphans, and the Probate Court had no power to appoint a guardian for them, and, therefore, the grant of the letters of guardianship was void.

This question has already been settled by the adjudications of this court in the cases of *Stewart* v. *Morrison*, 38 Miss. 417, and *ex parte Atkinson*, 40 Miss. 17, where the court say that none but a fatherless child was an orphan, and that the Probate Court had no jurisdiction over the persons and estates of minors who were not orphans.

It is essential to the validity of a judgment or decree that the court rendering it should have jurisdiction of the person and subject-matter. And it is well settled that judgments and decrees of courts having no jurisdiction are void *ab initio*.

In this case, the order of the court appointing the appellant guardian being absolutely void, he, therefore, never was the legal guardian, and the court had no authority over him as guardian; and the whole proceeding on said final settlement was *coram non judice*, and void.

In another forum, the appellant can be made responsible for the property of said minors that came to his hands, and for the management of their estates.

The decree is reversed, and the cause dismissed here for the want of jurisdiction in the court below.