| 57 | 229 |
| 72 | 768 |

HENRY DUKE ET AL. *v.* THE STATE, USE, ETC.

1. PROBATE COURT. *Jurisdiction. Minor residing out of county.*
    Under Const. of 1832, art. 4, § 18; Code 1857, p. 459, art. 142, no Probate Court could appoint a guardian for a minor who resided in a county of this State other than that in which the court was held.
2. SAME. *Guardian. Void appointment. Payment.*
    If an administrator was so appointed guardian of a distributee of the estate, payment of the distributive share by crediting his account with the estate and debiting that with the ward was a nullity. *Earle v. Crum,* 42 Miss. 165, cited.

3. EVIDENCE.   *Competency.   Decree void on its face.*
   The record of such guardian's appointment, offered in support of a plea of payment in a suit on the administration bond, should be excluded from evidence by the court, if it shows on its face, by a recital in the bond, that the minor at its date resided out of the county.

ERROR to the Circuit Court of Pontotoc County.

Hon. J. W. C. WATSON, Judge.

*Houston & Reynolds*, for the plaintiffs in error.

Whether the minor resided out of the county in which the Probate Court that appointed the guardian was held was a fact to be determined by the jury, and the record should not have been excluded on that ground. But, even if the fact was established, the appointment was not void. The case of *Herring* v. *Goodson*, 43 Miss. 392, does not so decide. In those States, where the appointment of a guardian of a minor residing out of the jurisdiction is held to be a nullity, the statutory provisions are explicit. But under statutes like ours, where the language is not of that character, it is held that such an appointment can be made whether the minor resides in the county or not. *Judge of Probate* v. *Hinds*, 4 N. H. 464. If the minor's residence was a jurisdictional question, the court which made the appointment decided it, and that determination cannot twenty years afterwards be reviewed in a collateral proceeding. *Sprague* v. *Litherberry*, 4 McLean, 442; *United States* v. *Bender*, 5 Cranch C. C. 620.

*W. V. Sullivan*, for the defendant in error.

The appointment of the guardian was void, because the minor resided in a county different from that in which it was made. Const. of 1832, art. 4, § 18; Code 1857, p. 459, art. 142; *Herring* v. *Goodson*, 43 Miss. 392. The same rule applies to an administrator. *Roberts* v. *Rogers*, 28 Miss. 152; *Cocke* v. *Finley*, 29 Miss. 127. In Georgia, like laws (Const. of Georgia, Code 1873, § 5100; Cobb's Dig. 286) receive the same construction. *Grier* v. *McLendon*, 7 Ga. 362; *Darden* v. *Wyatt*, 15 Ga. 414; *Rives* v. *Sneed*, 25 Ga. 612. The payment to one not guardian was bad, and the court, not the jury, was to determine whether there was one. The record was properly excluded. 1 Greenl. Evid. § 49, note 3. As the

appointment was a nullity, it could be collaterally attacked, and the infant was not required to sue until of age.

CHALMERS, J., delivered the opinion of the court.

This is a suit upon an administrator's bond to recover the amount due the plaintiff, as one of the distributees of the estate of his deceased grandfather, as shown by the final settlement of the administrator's account. The administrator, being now a non-resident, is not sued; but the suit is defended by his sureties, who plead payment. In support of their plea, they offered a record from the Probate Court of Pontotoc County which showed that, immediately after the administrator's final settlement, he had been by said court appointed guardian of the plaintiff, who was then a minor, and had charged himself as guardian with the amount due by himself as administrator. This record was upon objection excluded, because it showed upon its face (by a recital in the guardian's bond) that the minor was, at the date of the appointment of the guardian, a resident of Tunica County, and thereby demonstrated that the Probate Court of Pontotoc County had no jurisdiction to make the appointment.

This action was correct. By the Constitution of 1832, art. 4, § 18, and by the Code of 1857, p. 459, art. 142, under which this appointment was made, it is manifest that our old Probate Courts were county courts in their dealings with minors, and had no jurisdiction to appoint guardians for those who were not residents of the county, save when they were non-residents of the State, and had property in the county where the appointment was made. The Probate Court of Pontotoc County having no authority to make the appointment, every thing done under it was a nullity. *Earle* v. *Crum*, 42 Miss. 165.

It follows that the qualification by the administrator as guardian, and the charging of himself in that capacity, did not in any manner affect his liability as administrator, or relieve those who were sureties for him in that behalf.

*Judgment affirmed.*