HARRIET CRUM *v.* JEFFERSON WILSON, ADMINISTRATOR, ET AL.

1. GUARDIAN AND WARD.  *Probate court.  Bond.  Sureties.*
   A bond given by a person as guardian of a minor, for whom the probate court
   has no jurisdiction to appoint a guardian, does not impose a liability on the
   sureties.

2. SAME.  *Void appointment of guardian.  Sureties' right to plead adjudication.*
   In a suit by the infant against the sureties on the bond, a judgment that their
   principal is not guardian, is available to them, although rendered in a pro-
   ceeding to which they were not parties.

APPEAL from the Circuit Court of Pontotoc County.
HON. W. S. FEATHERSTON, Judge.

On February 15, 1859, Benjamin C. Earle, of whose estate the appellee, Jefferson Wilson, is administrator, was by the Probate Court of Pontotoc County appointed guardian of the appellant, whose father was then living.  Earle gave bond with the testator of the other appellee as surety, returned an inventory, and filed two annual accounts.   On presentation of the second account, in March, 1861, the court refused to receive it and revoked his letters of guardianship upon the ground that his appointment was void.   In April, 1866, a citation was issued to Benjamin C. Earle to make a final settlement.   He answered that his appointment was a nullity and his letters had been revoked.   The court held him liable.  An account which he was compelled to make was restated by direction of the court and from a decree ordering him to pay the infant a balance he appealed.   In the case, *Earle* v. *Crum,* 42 Miss. 165, the ap-

pellate court decided that the order appointing Benjamin C. Earle guardian was void and that the proceeding on the final settlement was *coram non judice*, and dismissed the cause for want of jurisdiction in the Probate Court of Pontotoc County.

At the February term, 1883, of the Circuit Court of Pontotoc County, the appellant brought suit on the guardian bond of Benjamin C. Earle against Jeff Wilson, administrator of said Earle, S. D. Pinson, executrix and sole devisee and legatee of R. A. Pinson, deceased, surety on said guardian bond. The defendants pleaded the general issue, and S. D. Pinson also pleaded that at the death of her testator she was and had been ever since a resident of the State of Tennessee; that she took out her letters testamentary and qualified as executrix in Tennessee, and had never qualified in this State.

The verdict was for the defendants.

*On the trial, the court below excluded from the jury the bond of Earle and Pinson when offered in evidence by the plaintiff.* This is assigned for error.

*Fontaine & Mitchell,* for the appellants.

1. The court erred in not permitting the bond sued on, and the other testimony offered by appellant to go before or to the jury. The defendant, Wilson's intestate, was guardian of appellants' usee, and the bond executed by him as such, and sued on in this action, is a valid guardian's bond. It has been held, we are aware, that if the probate court had no jurisdiction to appoint the guardian, the bond, letters, etc., are all absolutely void. Did the probate court in 1859, the date of Earle's appointment as guardian and execution of the bond, have jurisdiction to appoint a guardian for an infant whose father was at the time living? It certainly did. *Hall* v. *Wells,* 54 Miss. 299. But we are told that this very jurisdictional matter is adjudicated in the case of *Earle* v. *Crum,* 42 Miss. 165, in which it was decided that the probate court had no such jurisdiction. We have shown that the probate court did have jurisdiction. *Hall* v. *Wells, supra.* However, this suit is by and against different parties to the probate court proceedings in the case of *Earle* v. *Crum,* over whom and the subject-matter of

this suit (the collection of the debt sued for), the probate court had no jurisdiction, and the case of *Earle* v. *Crum, supra,* cannot be *res adjudicata,* so far at least as this case is concerned. And again we are not concluded by the case of *Earle* v. *Crum,* because the question therein decided was a jurisdictional question, and a valid decree of the court below was avoided by the decision, and rendered void. The affirmance of a void judgment or decree by the supreme court does not render it valid. *Pender* v. *Felts,* 2 S. & M. 535 ; *Wilson* v. *Montgomery,* 14 S. & M. 205.

2. Again, we are unable to perceive how the case of *Earle* v. *Crum* can affect the case at bar. In that case it was held, under the Constitution of 1832, that the probate court had no jurisdiction to appoint a guardian for an infant whose father was living at the time. Long after this case was decided upon this jurisdictional point it is decided in the late case of *Hall* v. *Wells, supra,* that the probate court did have such jurisdiction under the same constitution, and that the principle enunciated in the case of *Earle* v. *Crum,* would not be adhered to. This is the latest case, and is the correct exposition of the law by the supreme court, and "where there are conflicting decisions of this court on the same point, the first wrong and the last right, this court will adhere to the last decision." *Hogatt* v. *Bingaman,* 7 How. 565.

3. But we say that appellees are estopped in this case so far as appellant is concerned to deny the guardianship of Earle.

4. The bond was good as a common-law bond.

*James H. Barr,* for the appellees.

1. The court did not err in excluding the guardian bond sued on, because the obligors in said bond incurred no liability whatever in signing same. The appointment of Earle as guardian has been declared void by the probate court, and then on appeal by the supreme court. *Earle* v. *Crum,* 42 Miss. 165–7. The appointment being void for want of jurisdiction in probate court renders the bond and all the proceedings under the appointment wholly null and void. *Earle* v. *Crum, ubi supra; Thomas* v. *Burrus,* 1 C. 550 ; *Vicks' Heirs* v. *City of Vicksburg,* 1 H. 379 ; *County of De Soto* v. *Dickson et al.,* 5 G. 150 ; *Griffith* v. *Frazier,* 8 Cranch U. S. Rep.

8 ; *Bledsoe* v. *Britt,* 6 Yerg. 463 (Tenn. R.) ; *Boyd* v. *Swing,* 38 Miss. 182.

2. The bond being invalid, neither the surety nor the principal are estopped by the recitals of bond or otherwise from denying its validity. See *Thomas* v. *Burrus, supra,* and the other analogous authorities above referred to.

CAMPBELL, C. J., delivered the opinion of the court.

Where no action is maintainable against the principal because of the inherent nullity of the alleged obligation sued on, no action can be maintained against sureties on such obligation, for a surety is only bound for the acts of his principal, and, if there were no principal there could not be a surety. Even after judgment against sureties they are entitled to be relieved if their principal is discharged for some cause going to the original transaction and not merely personal to him. Brandt on Suretyship, etc., § 121; *Brown* v. *Bradford,* 30 Ga. 927 ; *Hempstead* v. *Coste,* 36 Mo. 437 ; *Ames* v. *Maclay,* 14 Iowa 281 ; *Dickson* v. *Bell,* 13 La. An. 249 ; *Miller* v. *Gaskins,* 1 Sm. and M. Ch. 524; *Beall* v. *Cochran,* 18 Ga. 38.

This results from the accessory character of a surety, whose existence presupposes the existence of a principal for whose acts he is bound.

In *Earle* v. *Crum,* 42 Miss. 165, it was adjudicated that Earle was not the legal guardian of the appellant, for want of authority in the probate court to appoint him, and a corollary from this is that the bond he gave, and now sued on, imposed no obligation. *Boyd* v. *Swing,* 38 Miss. 182.

The judgment referred to is evidence of its rendition, and of those legal consequences which result from the fact of its rendition, and it shows the discharge of the principal obligor, and is available to the surety as well as to the principal.

The judgment is not an estoppel as between the appellant and the surety, who was not a party to the litigation, but it is conclusive evidence of the fact that the principal was not bound by the bond, and that fact discharges the surety.

*Judgment affirmed.*