## Nick Jones *v.* The State.

1. Criminal Law. *Former conviction. Assault upon several. Single difficulty.*
   If a person, engaged in a difficulty with two opponents, unlawfully strikes each of them, he is subject to conviction for each assault, and a conviction for one will not bar a conviction for the other. *Teat* v. *The State,* 53 Miss. 439.

2. Former Acquittal; Not a Bar, When.
   And if in such fight a person lawfully strikes one adversary, but unlawfully strikes another, an acquittal for the assault upon one will not bar a conviction upon a charge of unlawfully assaulting the other.

3. Same. *Distinct charges.*
   If the defendant, in the same fight, strikes Lloyd and also Thomas, and upon the trial of the indictment for assault upon Thomas, the issue be confined to the independent act of that assault, the acquittal for the assault upon Lloyd is not a bar, nor is the record of such acquittal competent evidence to prove that the assault upon Thomas was justifiable.

4. When Evidence of Such Acquittal Competent.
   But if, upon such trial, it develops that the prosecution seeks to obtain a conviction for the assault upon Thomas, on the theory that the defendant struck Thomas, believing him to be Lloyd, it is then competent for defendant to prove his acquittal for the act of striking Lloyd, for the state is relying upon the criminal intent of defendant toward Lloyd, which has been conclusively disproved by the acquittal.

5. Former Conviction or Acquittal. *Ingredient offenses.*
   A conviction or acquittal upon an indictment for an assault and battery with intent to kill bars a subsequent prosecution for the ingredient offenses, assault and battery and simple assault.

6. Evidence. *Incompetent, how made competent.*
   Evidence which, when offered, is incompetent under the theory of the state, may be made competent by the subsequent act of the state in its instructions, which change the theory upon which it seeks to secure a conviction.

APPEAL from the circuit court of Noxubee county.

HON. S. H. TERRAL, Judge.

Appellant, Nick Jones, was indicted for assault and battery with intent to kill and murder one Tom Thomas, and upon the trial was convicted of a simple assault. It was shown by the proof that appellant was engaged in a fight with one Lloyd, and that while so engaged Thomas rushed in and participated, as he claims, in the capacity of a peacemaker, but, as the defense claims, in the capacity of a combatant. It resulted that both Lloyd and Thomas were struck and injured by appellant, and the latter was indicted separately for assault and battery with intent to kill and murder Lloyd, and assault and battery with intent to kill and murder Thomas.

The trial of the first indictment resulted in an acquittal. Upon the subsequent trial of this cause the defendant offered to prove that the injury inflicted upon Thomas was in the same difficulty and at the same time and place, and part and parcel of the same continuous fight in which Nick Jones and Lloyd were engaged, and in which Lloyd was struck and injured, and that defendant, Jones, had been acquitted upon the indictment for assault and battery with intent to kill Lloyd. Defendant also offered the record of such trial and acquittal. To this proof the state objected, and the objection was sustained and the evidence was excluded.

There was some evidence to prove that the difficulty occurred at night, and that it was impossible for Jones to distinguish Thomas from Lloyd, and that he struck Thomas thinking he was Lloyd. After the evidence was concluded, the state asked for the following instruction, among others, which was given :

8. If the jury believe from the evidence that the defendant was engaged in a fight with Lloyd, and that the defendant was trying to stab Lloyd with a deadly weapon, with intent to kill, and that Thomas ran in as a peacemaker, and so announced his purpose; and the defendant cut and stabbed him believing it was Frank Lloyd, and that Thomas was making no hostile demonstrations toward the defendant, then he was not justified, even though he may have believed it was Lloyd.

*J. R. Dinsmore* and *J. E. Madison*, for appellant.

There was error in refusing to admit the verdict and judgment in case of *The State* v. *Nick Jones* for A. and B. upon Lloyd.

That record conclusively establishes that appellant was not guilty of an unlawful assault upon Lloyd upon the occasion of the fight. This is a judgment between the same parties, and over the same subject-matter of the assault upon Lloyd, and is conclusive both on the state and defendant. *U. S.* v. *Nourse,* 9 Peters 8 ; *Campbell* v. *Rankin,* 99 U. S. 261 ; *Moore* v. *Ware,* 51 Miss. 206 ; *Land* v. *Keirn,* 52 Miss 341. Yet, in the face of a verdict which settles the fact that the appellant did not make an assault and battery with intent to kill Lloyd, or even a simple assault upon him, the court instructs the jury, in the eighth charge, that " if the defendant was trying to stab Lloyd with the intent to kill him, and that he cut Thomas believing it was Lloyd," then he could be found guilty. How often is Nick Jones to be put to the issue of proving that he did not cut Lloyd with intent to kill him ? If we have record evidence as to that, why go to the country again upon it ?

The intent to cut and stab Lloyd was conclusively negatived by the former verdict, and the jury should not be told that defendant could be convicted of assault upon Thomas, if they believed it was done with the intent to injure Lloyd.

*T. M. Miller,* attorney-general, for the state.

It was not error to exclude the record in the case of *The State* v. *Nick Jones,* for assault and battery upon Frank Lloyd, and in not permitting the witnesses to testify that their testimony in that case was the same as in this.

The record was not evidence, because it did not establish that Jones believed that Thomas was Lloyd when he stabbed him, and does not tend to prove that the stabbing of Thomas was not felonious. It may be true that Jones acted in self-defense as against Lloyd, and yet his assault upon Thomas might be unlawful. The court permitted all the evidence to go to the jury, to show the exact nature of the connection of Jones with Lloyd and Thomas, but correctly denied the proposition that the judgment itself was evidence. The question of the reckless assault of Jones on Thomas

as a peacemaker was not, and could not have been, an issue in the Lloyd case.

The eighth instruction was, therefore, free from error. If it had been really Lloyd, and he was making no hostile demonstrations toward defendant, then the defendant would have been guilty as to Lloyd. That he believed it to be Lloyd would make no difference if the assault itself was unlawful.

The acquittal of Jones as to Lloyd was for a different stabbing at a different time, and when hostile demonstrations were being made. To determine the guilt for stabbing Thomas for Lloyd, under a belief of mistaken identity, the question is, what was Thomas then doing? if he was making no hostile demonstrations, then Jones was an assailant, and not *se defendendo*.

COOPER, J., delivered the opinion of the court.

If the defendant while engaged in a difficulty with Lloyd and Thomas unlawfully struck each of his adversaries, he was subject to conviction for each offense, and a conviction for one would not bar a conviction for the other. So also if while engaged in a difficulty with Lloyd he lawfully struck him, but in the same fight also unlawfully struck Thomas, an acquittal of the charge preferred against him for striking Lloyd would not protect him from a prosecution for the unlawful striking of Thomas. *Teat* v. *The State,* 53 Miss. 439.

So long therefore as the state, in the prosecution of the indictment against the accused for the assault upon Thomas, confined the issue to the independent act of that assault, it was incompetent for the defendant to introduce in evidence the record of the proceedings in the indictment against him for the assault upon Lloyd, upon which he had been acquitted. The acquittal was not a bar to the second prosecution, nor was it competent evidence to prove that assault and battery on Thomas was justifiable.

But by the eighth instruction asked and obtained by the state, the jury was told that if the defendant while engaged in a fight with Lloyd, struck Thomas, believing him to be Lloyd, and that Thomas was at the time doing no act to justify the battery, then

the defendant was guilty of an assault and battery on Thomas, and the jury should so find. Ordinarily the instruction would be a correct announcement of the law. If "A," intending to strike "B," misses him and strikes "C," or, if mistaking "C" for "B," he strikes him, he is in either case guilty of an assault and battery on "C." But this is because the act of striking is unlawful, and "A" would have been guilty of a battery in either instance if he had in fact struck "B" and not "C."

An act, however, which is lawful in itself cannot be made the foundation of a criminal prosecution because of its consequences. There may be instances in which an act otherwise lawful may be criminal because of the circumstances under which it is done. One may fire a gun in a wilderness and if by chance another is there and is injured, the actor is not guilty of any crime; but if the gun be fired in a populous town, the carelessness, negligence, or recklessness of the act makes it unlawful and subjects the actor to punishment, but in such case the act itself is unlawful.

The accused had been indicted, tried, and acquitted for an assault and battery upon Lloyd with a deadly weapon, with intent to kill and murder him. . Under that indictment he might have been convicted of the offense charged, or of an assault and battery, or of a simple assault. *Wood* v. *The State*, 64 Miss. 761.

And under such circumstances an acquittal under the indictment for the principal offense, bars a subsequent prosecution for any of its ingredient offenses. *Moore* v. *The State*, 59 Miss. 25.

The record of his former acquittal under the indictment for the felonious assault upon Lloyd was conclusive evidence of the fact that the accused was not guilty of any offense by reason of any assault or assault and battery upon Lloyd. *Orum* v. *Wilson*, 61 Miss. 233. If the force directed against Lloyd was not unlawful, there was no assault or battery. 2 Bishop on Crim. Law, § 37.

The evidence is of a fight at night between Lloyd and the accused, in which Thomas, according to the state's theory, intervened as a peacemaker, but according to the evidence for the defendant he took part in the fight against the defendant. Under the circumstances disclosed by the record, whether the state's evidence or that

of the defendant be accepted as true, the defendant having by the verdict in the first indictment been justified in what he did as against Lloyd, is protected against a conviction based upon any violence used against Lloyd, or against another whom he injured believing him to be Lloyd.

The case presents the first instance of which we are informed in which evidence incompetent when offered is made competent by the subsequent act of the state by its instructions. It would be a failure of justice if the state should be permitted to exclude such evidence as incompetent upon the theory that it was proceeding against him for an independent act, and then having succeeded in excluding the testimony, to abandon its position and secure a conviction upon facts which the proffered testimony would have conclusively disproved.

<em>The judgment is reversed and cause remanded.</em>