KANSAS CITY JOCKEY CLUB, APPELLANT, v. UNITED STATES FIDELITY & GUARANTY COMPANY OF BALTIMORE, A CORPORATION, RESPONDENT.—86 S. W. (2d) 371.

Kansas City Court of Appeals. October 7, 1935.

1108

*Burns & White* for appellant.

*Ingraham D. Hook* for respondent.

SHAIN, P. J.—The appellant, hereinafter designated as plaintiff, on August 25, 1927, purchased from the respondent, hereinafter designated as defendant, a public liability policy.

The plaintiff was then operating a race track in Smithville, Missouri. The general liability of the defendant is stated in Clause I of the policy, as follows:

"Insurance Provided I. TO SETTLE and/or defend subject to the conditions hereinafter set forth and in the manner hereinafter set forth, all claims for damages for which the Assured is legally liable on account of bodily injuries and death at any time resulting therefrom accidentally suffered or alleged to have been suffered by any person or persons other than employees of the Assured."

The general coverage to the plaintiff is set forth in Clause V of the policy as follows:

"Coverage V. This policy covers, except as provided in Condition 'A,' all claims for bodily injuries, including death at any time resulting therefrom accidentally suffered or alleged to have been suffered by any person or persons other than employees of the Assured, by reason of and during the operation of the business described in and conducted at the location named in Statement No. 4 of said Schedule."

It appears that on August 31, 1927, while the policy was in full force and effect, one Carlton Simmons, a minor and a jockey, was accidentally injured at the race track under circumstances that attached liability for damages against the plaintiff that were covered by the policy issued by defendant.

It is shown by the record that both Simmons and his parents brought suit for damages against the plaintiff and both Simmons and his parents recovered judgments.

As to the suits for damages brought by Simmons and his parents, it is disclosed that the defendant herein defended said suits and met every legal liability imposed upon the plaintiff herein by judgments in said suits.

It appears from the testimony in the case that when Simmons received his injuries he was sent to a hospital and given medical treatment under such directions as made the plaintiff herein liable for the same. It further appears that after litigation and negotiations between the hospital people and the doctors that the plaintiff herein paid out for hospital and doctor bills all that is herein claimed to have been paid.

It appears that when demands were made on plaintiff herein for aforesaid bills and when suit was brought the defendant, although requested, failed and refused to respond and this suit was brought by the plaintiff herein against the defendant herein, wherein the plaintiff seeks to recover from defendant reimbursement for payment of said hospital and doctor bills and for expenditures for attorneys, etc. The defendant joined issue by making general denial and by interposing the provisions of Clause G of the policy, which is as follows:

"Co-operation CONDITION G. The Assured shall not voluntarily assume any liability, nor incur any expense other than for immediate surgical relief as is imperative at the time of the accident, nor settle any claim except at the Assured's own cost."

Concerning said above provision, the defendant pleaded as follows:

"But defendant states that in violation of the terms and conditions of said policy the plaintiff herein incurred expense other than for immediate surgical relief as was imperative at the time of the accident, to-wit, the hospital and medical bills of Research Hospital, doctors Huwitt, Shelton, Classen, and nurses Clutter and Silvers, in that the plaintiff without the oral or written consent and voluntarily and without notice to this defendant incurred, agreed and promised to pay and settled said claim or items of expense and thereby and therefore violated the terms and conditions of said policy. And plaintiff further violated the terms and conditions of said policy in respect to cooperation in that plaintiff's attorney, White, aided and assisted the attorneys for Carlton Simmons and G. A. and Maggie Simmons in preparing their brief for the Supreme Court of Missouri, all as aforesaid in violation of the terms and conditions of said policy.

"(Interlined) Defendant further states that the action herein is for the liability of Carlton Simmons and/or his mother and father, and jockeys Hart and Dellow which liability was assumed by the plaintiff but which liability is excluded by Condition A of the insurance contract."

In explanation it is well to state, that the suit at bar was for other items paid by reason of injuries received by jockeys Hart and Dellow. However, there appears to be no controversy herein as to these other items.

It appears that by agreement of parties, a jury was waived and hearing was by the court.

At the close of the testimony the parties presented for allowance. findings of fact and law. The court gave and refused findings of fact and law and the findings of fact and law as asked, as given and as refused are fully shown in the record.

The plaintiff herein sued for the sum of $1908.39. The judgment of the trial court was for the plaintiff in the sum of $173.40. From this judgment, the plaintiff duly prosecuted its appeal.

## Opinion.

As this cause was tried by the court, a jury having been waived, it becomes the duty of this court to sustain the judgment for any good reason, if any, that is disclosed by the record.

This court is also bound by the findings of facts made by the trial court if same are supported by any competent evidence.

The trial court found as a fact, "That the plaintiff did not co-operate with the defendant and violated the terms and conditions of said contract." The provisions of the contract referred to in the court's finding is Clause G, which is set forth above.

The plaintiff in its brief makes seven specific charges of error. As we conclude that the evidence amply supports the above finding of fact made by the court, it follows that the issue before us must be determined by the question of whether or not the provisions of Clause G, supra, are such as precludes the plaintiff from recovering for expenditures further than for such expenditures as are generally designated as "first aid."

As before stated, the injured party, a minor, brought suit against the plaintiff and recovered for all damages sued for. The petition of the plaintiff in that case is shown in the record. An examination shows that the element of hospital and doctor bills were not specifically included in that suit. If the same had been included in that suit, then and in that event, same would have been proper elements of damages and a recovery for same in that suit would have entitled the plaintiff herein to reimbursement under the provisions of "Coverage, V," supra.

Again, as before stated, the parents of the injured minor sued the plaintiff herein for damages. If items for hospital bills and doctor bills had been included in the suit by the parents, then regardless of the provisions of Clause G, supra, if recovery therefor was had, the plaintiff in such event would be entitled to reimbursement under Coverage V, supra. The record herein does not contain the petition in the parents' suit. Judgment by agreement is shown.

As there appears to be no counter contention, we proceed upon the theory that in the damage suits brought against the plaintiff herein no specific items for hospital and doctor bills were included.

The question presented herein is: Can the items for hospital and doctor bills, other than first aid, be concluded to be items of damages included in Coverage V, in light of the fact that the defendant herein has defended all damage suits brought by all parties entitled to sue for damages and has reimbursed the plaintiff herein for the full amount obtained by the judgments in said cases?

The principle that one cause of action cannot be split up into a multiplicity of suits is so well established as to need no citation of authority.

It might be contended that the plaintiff herein has not violated the above rule in that the plaintiff did not bring the damage suits. We conclude, however, that the defendant in this suit is as much entitled to the benefit of the rule as is the plaintiff. Further, the plaintiff in this case, by violating the provisions of Clause G of the contract, has brought about a condition that if allowed to recover for the hospital and doctor bills in issue will in effect subject the defendant to be harassed with more than one suit growing out of a single cause of action.

The plaintiff, appellant herein, cites a case in support of its theory that defendant is liable herein. [Hempstead v. Coste, 36 Mo. 438, is cited.] This case but proclaims the fundamental principle that a judgment for a principal is conclusive as to his securities. [Strong et al. v. Phoenix Ins. Co., 62 Mo. 1. c. 295, is cited.]

This case announces the rule that where one is bound to protect another from liability, he is bound by the result of litigation, provided he had notice of same. [Royle Mining Co. v. Fidelity & Casualty Co., 103 S. W. 1098, is cited.]

In this case this court reiterated the well established rule of construction to the effect that, where clauses of a contract are so totally repugnant that they cannot stand together, the first should be received and the second rejected.

The first two cases cited can have no bearing upon the issue, as we have above stated same. As to the Mining Company case, supra, the same would have application if the issue herein was for recovery of money paid out by the plaintiff that had been allowed as damages in the judgments wherein the injured party or parties sued. In such instance the amount of damages due the injured party or parties would have been adjudicated, as to amount, regardless of by whom ordered, while in the case at bar the items being sued for are for services caused by the orders of the plaintiff herein for which the plaintiff herein has paid to the parties rendering the service. The above items were not adjudicated as damages due in the judgment for damages that has fully been satisfied by the defendant herein. These facts distinguish the case at bar from the Mining Company case, supra.

The plaintiff cites Huselton v. Commerce Trust Co., 64 S. W. (2d) 1. c. 764.

If the fact that, in a suit by the injured party against the plaintiff herein, the items of hospital and doctor bills are proper elements of damages, be conclusive of the defendant's liability in the suit at bar, then the Huselton case, supra, is directly in point. However,

for reasons given above, we conclude that the fact alone that an injured party is entitled to recover for hospital and doctor bills as an element of damages in a suit against the party responsible for his injuries does not impose a liability upon the defendant in this case, wherein it is shown that the plaintiff herein breached the contract in issue, Clause G, by its voluntary act in contracting for and paying for the service and thereby precluding the defendant herein from having such issue adjudicated as to liability and amount in the suits brought by the Simmons minor and his parents, wherein all matters of damages claimed by them were determined and settled for by the defendant herein. .

The plaintiff cites Northwestern Casualty & Surety Co. v. Rose, 46 S. W. (2d) 796.

The Rose case is distinguished from the case at bar in this, to-wit: In the Rose case the insurance company made a voluntary settlement with the injured party, wherein by the settlement $5000 was paid to the claimant and it was stated that the amount was exclusive of hospital and medical attention expended by the insured, but who was not a party to the settlement and never consented thereto.

If the defendant herein had made settlement without plaintiff's consent and excluded hospital and medical services, then the Rose case, supra, would have been in point. Such, however, are not the facts in this case and the law declared in the Rose case does not apply to the issue herein presented.

It will be further observed that the issue was submitted as an issue of fact in the Rose case and the issue of fact rested upon Rose's liability to the injured party for items not taken into account in a compromise entered into by the insurance company and not consented to by Mr. Rose.

As before stated, the plaintiff has classified assignments of errors under several heads. However, as the trial court gave judgment for the plaintiff for such amount as the court, from the evidence, found to be due for immediate surgical relief as he found was imperative at the time of the accident, we conclude, based on the reasons above set forth, that there is no liability attached to the defendant further than the court allowed in the judgment herein and that therefore the setting forth of plaintiff's specifications and the discussion of cited authorities, other than the ones discussed above, becomes unnecessary.

The fact that Clause G would not preclude the plaintiff from recovering from the defendant all damages awarded by the jury in suits brought by injured parties, doctor and hospital bills included, does not fix the defendant's liability herein. In a suit by the injured parties the liability of the plaintiff herein is not con-

trolled by any of the provisions of the policy and such damages, as assessed by the jury, fixes the amount to which the plaintiff is entitled to be reimbursed. The issue in the case at bar goes to the question of plaintiff's right to sue for services that the plaintiff contracted for with third parties in violation of the provisions of the contract. We conclude that the contract does not present any grounds for liability for services so contracted for.

We conclude that the defendant herein fulfilled its obligations and has fully met its liability under its contract by defending the damage suits brought and meeting the obligations of the judgments therein rendered and cannot now, in this separate suit, be held liable for obligations voluntarily entered into by the plaintiff in face of the provisions of Condition G of the contract, nor can defendant be held for attorney fees or for vexatious delay.

The judgment is affirmed. All concur.