## H. C. WRAGE v. THE STATE.

No. 1995.   Decided December 18, 1899.

</div>

1. **Change of Venue—Transcript—Orders of Court.**

On a change of venue the transcript should show clearly what orders are taken from the minutes of the court in which the venue was changed.

2. **Same—Presentment of Indictment—Jurisdiction.**

In the absence of a motion in the court below raising the question of venue, the fact that the record shows the finding of the indictment and its presentment by a grand jury of G. County, together with defendant's plea and the file mark thereon of same date as the presentment of the indictment, and the transfer of the case on change of venue to H. County, is sufficient to show that the indictment was presented in the District Court of G. County, the county of the alleged commission of the offense, and will support the jurisdiction of H. County, to which the venue was changed.

**3. Continuance—Assault to Murder—Threats.**

On a trial for assault to murder, an application for a continuance to prove threats made by the assaulted party, to be sufficient, should state the language and nature of the threats; it is insufficient if it merely states in general terms, that it is expected to prove that the prosecutor made serious threats against defendant's life.

**4. Assault to Murder—Provoking Difficulty—Self-Defense—Charge.**

On a trial for assault with intent to murder, a charge of court is erroneous which deprives defendant of his right of self-defense, if he sought the prosecutor for the purpose of provoking a difficulty regardless of whether, when he found him, he did any act, which in law would constitute a provocation.

**5. Same.**

In every case in which the facts authorize a charge on provoking the difficulty, the judge should be able to indicate, from the evidence, the act of provocation and define to the jury its effect and bearing upon the case, and to what extent such act limited or abridged defendant's right of self-defense. The whole question of defendant's guilt in provoking a difficulty depends not upon his intention, but upon his acts there done in connection with his intention.

APPEAL from the District Court of Howard, on a change of venue from Glasscock County. Tried below before Hon. W. R. SMITH.

Appeal from a conviction of assault with intent to murder; penalty, two years imprisonment in the penitentiary.

The indictment charged appellant with assault with intent to murder M. Porter, in Glasscock County, on the 11th day of April, 1898.

The opinon states the case.

*F. G. Thurmond,* for appellant, upon the question of venue and jurisdiction, cited English v. State, 18 Southwestern Reporter, 678; Hardy v. State, 1 Texas Criminal Appeals, 563.

The court erred in charging upon the law of self-defense, by interjecting into his charge the doctrine of provoking the difficulty. The charge is erroneous in two phases: First. There was nothing in the facts to show that the defendant provoked the difficulty. If the State's evidence is true on this point, defendant rode up to Porter's camp and ordered Porter to take off his coat, and while Porter was obeying his orders he deliberately said to Porter, "You s— of a b—, I will kill you anyhow," and deliberately shot him down. According to defendant's testimony he acted purely in self-defense; therefore the law as to provoking a difficulty or mutual combat is not in the facts of this case. Second. But even if the facts justified the charge upon the doctrine of provoking a difficulty, whereby defendant's right of self-defense was abridged, the charge of the court was absolutely erroneous, as such charge is not only inaccurate but incorrect. Shannon's case, 35 Texas Crim. Rep., 2; Cartwright's case, 14 Texas Crim. App., 486; Cunningham's case, 17 Texas Crim. App., 89; Gilcrease case, 33 Texas Crim. Rep., 629; Boll v. State, 29 Texas Crim. App., 125; Meuly v. State, 26 Texas Crim. App., 306; Carter v. State, 37 Texas Crim. Rep., 403; Williford v. State, 36 Texas Crim. Rep., 414.

*Rob't A. John,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of assault with intent to murder, and his punishment assessed at two years confinement in the penitentiary, and he prosecutes this appeal.

Appellant, for the first time in this court, raises the question as to the jurisdiction of the District Court of Howard County, claiming that the record does not show that the indictment was presented in Glasscock County, where it is shown the alleged offense occurred. We have examined the record in this regard, and we must say that it is exceedingly meager. On page 1 of the transcript we find this order: "On this day came into open court, in a body, the grand jury, a quorum being present, and through their foreman delivered to the court the following indictment, to wit: The State of Texas v. H. C. Wrage (File No. 7); which was thereupon ordered by the court to be filed." On the margin, "Presentment of indictment, October 17, 1898." Following this is an indictment, showing on its face to have been presented by a grand jury at the October term, 1898, of the District Court of Glasscock County, Texas; and on page 2 we find what is termed the plea of defendant, with file mark, "October 17, 1898." This shows a transfer or change of venue from the District Court of Glasscock County by the district judge on his own motion. The indictment and plea of defendant evidently show that this case should have originated in Glasscock County, and the order above copied may be an order of the District Court of Glasscock County. Still, it does not inform us that such is the fact. It would have been an easy matter for the clerk to have shown that this order was taken from the minutes of Glasscock County. If he had done so, we would not have been troubled with this vexatious question. In the state in which we find the record, in the absence of any motion in the court below raising the question of venue, construing the order in question in connection with the indictment and plea of defendant, we are inclined to the view that they show a presentment of the indictment in the District Court of Glasscock County.

Appellant made a motion in the court below to continue the case on account of the absence of one Sam Cole, who resided in Coleman County. Appellant says he expected to prove by Cole that Porter, the alleged assaulted party, said to him, on the day before the difficulty, that defendant was like Frank Mathews, who was afraid to come to see said Porter about herding sheep in the pasture; that he then and there made serious threats against defendant's life. If appellant proposed to prove threats, he should have stated the language of the prosecutor, instead of stating, as he did in general terms, that he made serious threats against defendant's life. Appellant claims in the affidavit made by him that he did not know the nature of this threat, but in his testimony given on the trial he states that "Sam Cole told him that he saw those fellows [meaning defendant and his hired hand, Riley McPherson], and that they said they would do as they damned pleased with the sheep, and asked why I didn't come; said I was afraid, like Frank Mathews, and made

other serious threats; that he did not ask Sam Cole what the other serious threats were." It occurs to us that, if appellant thought anything of the threats, when he had the opportunity, he should have made inquiry of Sam Cole as to their nature and character. Moreover, the affidavit of Sam Cole is attached, and, according to his statement, defendant made no threats to him on the occasion alluded to. His only talk was with Riley McPherson, in the absence of appellant. So it does not occur to us that the court committed any error in overruling appellant's motion for continuance.

Appellant complains that the court charged the jury in connection with his plea of self-defense, and in curtailment thereof, on provoking the difficulty. He contends that there was nothing in the testimony to show appellant provoked the difficulty, and, even if there was, the court's charge was radically wrong, as not presenting the law of the case as to provoking the difficulty. The court gave a proper charge on the law of self-defense, predicated on the appearances of danger, as suggested in the testimony of appellant himself; and following the same, and in immediate connection therewith, he instructed the jury as follows: "Unless you further believe from the evidence beyond a reasonable doubt that defendant sought the meeting with the said M. Porter for the purpose of provoking a difficulty with said M. Porter, with intent to take the life of said M. Porter, or to do him such serious bodily injury as might probably end in the death of said M. Porter, and if you so believe from the evidence beyond a reasonable doubt, then you are instructed that, if defendant sought such meeting for the said purpose and with such intent, defendant would not be permitted to justify on the ground of self-defense, even though he should thereafter be compelled to act in his own self-defense." The vice in this charge lies in the fact that it deprived appellant of the right of self-defense if he merely sought the prosecutor, Porter, for the purpose of provoking a difficulty, regardless of whether he did any act when he found said Porter which in law constitutes a provocation. This matter has been so thoroughly discussed in former decisions of this court, and a charge of this character so often condemned, that it is not necessary to discuss the same. In Cartwright's case, 14 Texas Criminal Appeals, 502, on this subject, this is the language: "It would follow, therefore, that the conduct of the party must show that he knowingly and willingly used language or did acts which might reasonably lead to an affray or a deadly conflict, and that something besides merely going to the place where a person slain is, with a deadly weapon, for the purpose of provoking a difficulty, or with the intent of having an affray, is required to constitute such wrongful act." In Morgan's case, 34 Texas Criminal Reports, 222, the court say: "There are some wrongful acts that would wholly cut off the right of self-defense; there are others which would limit the right of self-defense,—that is, create what is termed the imperfect right of self-defense; and there are still others which would not operate

to limit the right of self-defense at all. * * * In every case in which the facts authorize a charge on provoking the difficulty, the judge should be able to indicate from the evidence the act of provocation, and to define to the jury its effect and bearing upon the case, and to what extent such act limited or abridged the defendant's right of self-defense." In Airhart's case, 40 Texas Criminal Reports, 470, the court, in speaking of a similar charge of the lower court, uses this language: "Now, it will seem that the court in this charge makes the guilt of the defendant depend upon the act of seeking the difficulty by appellant for the purpose of slaying deceased, and his guilt or innocence is not made at all to depend upon what he may have done when he found or met deceased; whereas, in our view of the law, the whole question of his guilt or innocence depends on his acts then done. * * * Now, no matter what his purpose was in seeking deceased, if when he met him he did nothing to provoke a difficulty, and deceased assaulted him, under our view of the law his right of self-defense would be perfect." And see Carter v. State, 37 Texas Crim. Rep., 403.

Now, if we look to the testimony in this case, according to the State's evidence, there was no mutual difficulty at all. Appellant merely rode up to the camp where the prosecutor, Porter, was, and gave him warning that he was to keep his sheep on his side of the pasture, and Porter told him he must keep his sheep on his side. Appellant then said, "If you want to fight, get up and get that coat off." He got up, and began to unfasten his overcoat, and defendant at that time drew his pistol, and said, "Are you going after your gun?" Porter told him, "No; he did not have any gun." Appellant then held his pistol on prosecutor, and said, "You son of a bitch, I will kill you anyhow," and fired. The shot took effect on the left side of Porter's face, and lodged in the back of his neck, on the right side. He immediately fell to the ground, and did not know what occurred afterwards. This evidence is in the main corroborated by Riley McPherson, who was some distance from the camp, coming up at the time. Appellant's testimony shows that he rode up to the camp to arrange with Porter with reference to where their sheep were to run in the pasture; that after some conversation Porter took off his right glove, and began to take off his overcoat, and began to put his hand back towards his hip pocket; that at the time he saw Riley McPherson coming up from the other direction, coming towards the wagon, and he was afraid they were going to double on him and shoot him; that he shot because he thought they were going to shoot him. If there was any provocation in the case, it arose from the State's theory, that appellant, by a challenge, provoked Porter to engage in a fist fight. If this be considered a provocation, then it occurs to us that the court should have gone further, and not have curtailed defendant's right of self-defense, on the ground that he sought the difficulty merely, but should have told the jury, if he sought the difficulty for the purpose of killing Porter, and when he

found him he did some act or used some language that caused Porter to attack him, and he then, in pursuance of his original design, shot Porter, that, in such case, he could not rely on self-defense. If the court gave this charge, then he should have given a charge on behalf of defendant presenting his theory on this phase of the case, to wit, that if he sought Porter on a peaceful mission, to have an understanding with him about the runs of their sheep, and he did nothing to provoke a difficulty with Porter, but Porter first attacked him, or made some demonstration which caused him to believe that his life was in danger, or his person was in danger of serious bodily injury, then he had a right to defend himself. Appellant's motion for new trial excepted to the action of the court in giving the charge above quoted on provoking the difficulty. We believe the charge is erroneous, and the exception well taken. For the error pointed out, the judgment is reversed, and the cause remanded.

*Reversed and remanded.*

Davidson, Presiding Judge, absent.