B. W. Cook v. The State.

No. 2212.   Decided June 12, 1901.

**1.—Murder—Former Jeopardy and Acquittal—Practice as to the Plea.**

On a trial for murder, defendant pleaded former jeopardy in that he had been previously tried and acquitted for an assault with intent to murder one G.; which assault was one and the same transaction with the killing involved in this prosecution, deceased having been killed by one of the two shots fired by defendant at G. On motion of the county attorney the court struck out this plea of former jeopardy. Held error; the plea presented a question of fact for the jury and not for the court, and the court should have admitted evidence under the plea and have instructed the jury accordingly.

**2.—Same.**

On a plea of former jeopardy and acquittal, where there is shown only one contemporaneous act, one intent and one volition on the part of defendant, though two or more persons may have been assaulted or killed, the transaction is but a single one, and an acquittal for one of the acts is a bar to a subsequent prosecution for the other. In such case the question of fact as to the identity of the transaction is one for the jury, and it is error for the court to strike out the plea without submitting it to the jury.

**3.—Murder—Provoking Difficulty—Charge.**

On a trial for murder, where it appeared that defendant, who had armed himself on account of previous threats by one G., was walking upon the street, and when he was about to pass G., who was standing upon the sidewalk, G. struck him, knocking him down; neither party having said a word to the other; Held, it was error for the court to charge upon the law of provoking the difficulty, there being no evidence to support such charge.

Appeal from the District Court of Parker. Tried below before Hon. J. W. Patterson.

Appeal from a conviction of murder in the second degree; penalty, ten years imprisonment in the penitentiary.

Appellant was charged by the indictment with the murder of T. G. Hargrove, on the 5th day of February, 1901, by shooting him with a pistol. Defendant's plea of acquittal and former jeopardy was on motion of the county attorney stricken out by the court and not submitted to the jury.

The evidence adduced on the trial of this case as to how and why appellant shot deceased, presented two theories. The State's evidence tended to show that appellant fired the fatal shot at the deceased with the intention to kill him. Appellant's evidence tended to show that he fired the shot at George Goodman, with the intention to kill said Goodman, and that the appellant missed him in his aim, and shot the deceased accidentally, with no intention of shooting or killing him. Both theories were strongly supported by evidence. The State contended that under the evidence appellant was guilty of murder upon either theory; that if he fired the fatal shot at the deceased intentionally, he was guilty of murder either in the first or second degree; that if he fired said shot at George Goodman with intent to kill him, and missed him and shot the deceased, accidentally or unintentionally, he was guilty of murder in the second degree. Appellant contended that he did not fire the fatal shot at deceased with the intention to kill him, but that he fired the

same at George Goodman in self-defense, that he missed him and shot the deceased accidentally and unintentionally, and with no intent to hit or kill him.

The court in its charge submitted both theories to the jury and authorized them to convict appellant of murder in the second degree under either theory or aspect of the evidence, unless they should believe that appellant shot at George Goodman under circumstances showing manslaughter or self-defense.

*Martin & Martin,* for appellant.—It is error for the court to strike out a plea of former acquittal when the same sets up facts which, if proved, would constitute a bar to the prosecution. The jury should determine the issues of fact presented in such a plea, under proper instructions from the court. Troy v. State, 10 Texas Crim. App., 319; McCullough v. State, 34 S. W. Rep., 753.

If appellant fired the shot, which killed T. G. Hargrove, at George Goodman with the specific intent to kill the said Goodman, and with no intention to kill or injure the said Hargrove, and the killing of the said Hargrove was accidental and unintentional, the acquittal of the appellant on a charge of an assault with the intent to murder the said Goodman on account of the firing of the shot is a bar to his prosecution for the killing of the said Hargrove by said shot.

If the shot which killed deceased was fired at George Goodman by appellant in his own self-defense, and the firing thereof at said Goodman was therefore justifiable under the law, and the said shot was not fired with any intention to injure or kill the deceased, but the killing of the deceased thereby was accidental and unintentional, then the former acquittal of the appellant on the charge of an assault with the intent to murder the said Goodman on account of the firing of the shot, is a bar to his prosecution for the killing of the deceased by said shot. Augustine v. State, 52 S. W. Rep., 77; Taylor v. State, 55 S. W. Rep., 961; Sadberry v. State, 46 S. W. Rep., 639; Jones v. State, 66 Miss., 380; Teate v. State, 53 Miss., 439; Clem v. State, 42 Ind., 420.

When the defense to a homicide is that of self-defense, it is error to the injury of the defendant for the court to charge the jury upon the law of "provoking the difficulty" when the evidence does not warrant or call for such a charge. Casner v. State, 2 Texas Ct. Rep., 559; White v. State, 62 S. W. Rep., 575; Wrage v. State, 54 S. W. Rep., 603; Airhart v. State, 51 S. W. Rep., 214; Mozee v. State, 51 S. W. Rep., 250; Abram v. State, 35 S. W. Rep., 389.

*J. C. Wilson, Stevenson & Ritchie,* and *Rob't A. John,* Assistant Attorney-General, for the State.—Appellant's plea of former jeopardy showing on its face that appellant was acquitted (not convicted) on the former trial, and that appellant committed two acts, one as to Goodman and one as to Hargrove, and that they were separate offenses or acts, the court did not err in sustaining the exceptions of the State to said

plea.   Under the doctrine of "carving" the State had the right to try . appellant again, even if the matters stated in said plea were true.   Bill of Rights, sec. 14; Code Crim. Proc., art. 9; Epps v. State, 38 Texas Crim. Rep., 284, 43 S. W. Rep., 552; Wheelock v. State, 38 S. W. Rep., 182; Wright v. State, 37 Texas Crim. Rep., 627; Herara v. State, 35 Texas Crim. Rep., 627; Hooper v. State, 30 Texas Crim App., 412; Davidson v. State, 40 Texas Crim. Rep., 285; Kelly v. State, 2 Texas Ct. Rep., 561; Curtis v. State, 3 S. W. Rep., 86; Johnson v. State, 19 Texas Crim. App., 453.

The firing of the first shot at Goodman, whether justifiable or not, and the killing of Hargrove with the second shot were separate and distinct acts and offenses in law; and while it may be true that if appellant had been convicted on the former trial the State would not be permitted to carve again, appellant having been acquitted on said former trial, he was legally tried again, not for assaulting Goodman, but for killing Hargrove.   Authorities same as above, and Stewart v. State, 32 S. W. Rep., 76; Ashton v. State, 21 S. W. Rep., 48; Pickard v. State, 9 Texas Crim. App., 270.

The evidence called for a charge on provoking the difficulty and the charge given was proper and correct.

The evidence showed the appellant and George Goodman had a difficulty the night before at the home of Goodman, and that in that fight appellant was worsted, though assisted by his grown son and by his wife. That he made threats against Goodman the next day, and prepared his pistol by oiling and loading it, and in the evening of that day he took a couple of drinks of whisky (to nerve himself doubtless), and with this same son deliberately went out of his way (being nearer home by the next street east, the way he came to town that morning), and went swaggering by the place of business of Goodman and deceased, with his hands shoved down in his overcoat pockets and his hat pulled down over his eyes; and when about to pass Goodman standing on the sidewalk, made a demonstration as if to draw a pistol from his overcoat pocket, when Goodman struck him.   Cartwright v. State, 14 Texas Crim. App., 486; Cunningham v. State, 17 Texas Crim. App., 89; Thurston v. State, 17 S. W. Rep., 474; Willson's Crim. Stats., art. 680, note 13, and cases there cited; Id., art. 708, note 1, and cases there cited.

BROOKS, Judge.—Appellant was convicted of murder in the second degree, and his punishment assessed at ten years confinement in the penitentiary.

At the April term of the District Court of Parker County, the grand jury returned an indictment against appellant, charging him with having murdered deceased, T. G. Hargrove, by shooting him with a pistol. The same grand jury also returned another indictment against appellant, charging him with the offense of an assault with intent to murder George Goodman, alleging that said assault was committed on the 5th day of February, 1901.   On the 27th day of April, 1901, appellant was

duly and legally tried for the last named offense in the District Court of Parker County, and was acquitted by the jury. When this case was called for trial on May 13, 1901, appellant filed a plea in bar to this prosecution, in substance as follows: A plea of former acquittal. Said plea, after setting out the indictment, verdict of the jury, and judgment of the court, acquitting defendant of assault with intent to murder upon George Goodman at one and the same time the murder in this case is alleged to have been committed, proceeded as follows: "And the said B. W. Cook in fact saith that he, the said B. W. Cook, and the said B. W. Cook so accused and acquitted as last aforesaid, are one and the same person, and not other and different persons, and that the offense of which he, the said B. W. Cook, was so acquitted as aforesaid, and the offense charged against him in the indictment herein, and for which he is now being prosecuted, is one and the same transaction, offense, act, and volition, and not other and different transactions, offenses, acts, and volitions; and this he, the said B. W. Cook, is ready to verify." Upon motion of the county attorney, this plea was struck out. Appellant's counsel strenuously insist that this plea submits a question of fact upon which the court should have heard evidence, and, having so done, should have charged the jury with reference to said plea. The following is a statement of the facts taken from appellant's brief, which we find, from an inspection of the transcript, to be substantially all the evidence of the eyewitnesses introduced: "There were four eyewitnesses to the difficulty, besides the participants (Tom Tarkington, Miss Julia Gilbert, Mrs. W. T. Bowman, and Valton Cook), each of whom testified that appellant did not pull his pistol from his pocket until after George Goodman had struck appellant on or about the head and nearly knocked him down. Each of them testified that appellant had not said a word to George Goodman when he (appellant) pulled his pistol and fired the same at George Goodman. Each of them testified that appellant was walking along the sidewalk, and was in the act of or had just passed the said George Goodman, who was standing on the sidewalk, when he (Goodman) hit appellant on the head, nearly knocking him down. All of said witnesses testified that, as soon as appellant straightened up after Goodman had hit him, he (appellant) pulled his pistol from his pocket, while he was in the act of straightening himself, or recovering from the blow. The only witness who testified that the difficulty occurred or was begun in a different way was the said George Goodman. We will here give his exact testimony on this subject, in full, to wit: 'I was standing out on the sidewalk in front of the store when the defendant and his son came along. I saw them about the time they got to Mr. Ellington's store. I stayed on the sidewalk and watched them until they had gotten to me, or probably had passed me a little, when the defendant suddenly pulled out his pistol, started to make an effort to shoot, but before he had time to do so I struck him on the head with my fist. I hit him a glancing lick. Did not hit very hard, for the reason that the lick glanced. As soon

as I hit, defendant shot at me. When Cook came up in front of Hargrove's store, he came up in a stooping position, and had his hat pulled down over his eyes. I hit him because he was pulling his pistol, as I thought he was going to shoot me. I was not mad or excited when I hit him. I was not expecting him to have any difficulty with me until he pulled his pistol. He did not say a word to me, or me to him. * * * I do not know why I was standing out there on the sidewalk when defendant came along. I did not expect any trouble with him. If I had, I would not have stood there until he came up where I was. I did not notice his hands in his pockets. He did not say a word to me, or me to him.' The undisputed evidence showed that the sidewalk where the difficulty occurred was a public sidewalk, and that. appellant usually and almost daily traveled it in going to and from his place of business, and that at the time of the difficulty he was on his way home. The State proved that, on the morning preceding the difficulty, appellant was seen in his shoe shop oiling and snapping his pistol; that appellant had told three or four parties during the day that, if George Goodman did not let him alone, he would hurt or kill him. R. B. Milliken and appellant testified that George Goodman had been to appellant's shop during the afternoon, and told appellant while there that, if he (appellant) ever came across on the north side of town again, he would whip hell out of him and his son. Tom Tarkington also testified that Goodman told him during the day that he was going to whip hell out of the appellant when he came along the sidewalk, going home." It appears furthermore, in addition to the above statement, that appellant fired two shots in rapid succession, one of which struck deceased, Hargrove. As stated above, appellant was tried for assault with intent to murder upon Goodman, and found not guilty.

We think appellant is correct in insisting that the court erred in striking out his plea of former acquittal, since, as he insists, the same presents a question of fact, and not a question of law, which fact could not be ascertained by the court, except upon hearing the evidence. We have held that the rule in reference to pleas of this character is that if the plea shows upon its face that they are different transactions, independent of and not connected with each other, then it is proper for the court to sustain the motion to strike out said plea. But, if the plea presents a question of fact, then it is a question for the jury, and not for the court. In other words, the rule to be deduced from the authorities is that, where the offenses charged in different indictments, are so diverse as not to admit of proof that they are the same, the court may decide the issue without submitting it to the jury. Wheelock v. State (Texas Crim. App.), 38 S. W. Rep., 182; Wilson v. State, 45, Texas, 77; Wright v. State, 37 Texas Crim. Rep., 627. Appellant, in his able brief, cites us to the cases of Augustine v. State, 41 Texas Criminal Reports, 59, and Taylor v. State, 41 Texas Criminal Reports, 564. But an inspection of these cases will show that they are separate acts,.

or, in other words, separate volitions, although they occurred contemporaneously.

Reverting to the foregoing facts, the matter for our disposition stands in this light: Appellant in the previous case was tried for shooting at George Goodman with the intent to commit the offense of assault with intent to murder. The evidence shows that two shots were fired. According to the evidence of the defense, both of these shots were fired at Goodman. According to the evidence of the State, one of the shots was fired at the deceased, Hargrove. Then it becomes a question of fact, and the court should have admitted the evidence under defendant's plea, and then have charged the jury that if they believed from the evidence, beyond a reasonable doubt, that defendant shot at deceased, and not at Goodman, then they would find against appellant's plea of former acquittal, and proceed to consider whether or not defendant was guilty of any offense under other portions of the charge. In other words, we understand the authorities to hold that if defendant did not shoot at deceased, but shot at Goodman, it matters not what his intent may have been in shooting at the said Goodman; that, when he is tried upon an indictment and found not guilty in a court of competent jurisdiction, this is jeopardy within the contemplation of the Constitution, and he can not be again tried for said offense. In Kelly v. State, ante, page 40, the evidence showed that appellant killed two brothers in the same difficulty. He pleaded former acquittal of killing one in the trial for killing the other. We held the plea could not be sustained by the evidence, because it showed it was not one act or volition on the part of appellant. In other words, there were two shots, two separate and distinct intentions, two acts, two volitions, contemporaneous. But where there is one act, one intent, one volition, as is evidenced by the testimony of appellant in this case, then appellant can not be convicted upon an act, intent, and volition for which he has been previously acquitted. This is sustained by a long line of authorities, and, without discussing them in detail, we will only comment on a few. In State v. Colgate, 31 Kansas, 511, 3 Pacific Reporter, 346, 47 American Reporter, 507, defendant was indicted and acquitted of burning a mill. In a subsequent prosecution for setting fire to and burning the books of account contained in said mill, he pleaded former acquittal. The court, in a very learned opinion, after reviewing a great many of the authorities, held that the plea ought to have been sustained. It appears that under the statute of Kansas the burning of any character of personal property is a species of burglary. In Woodford v. People, 62 New York, 118, 20 American Reporter, 464, it was held that where a party is being prosecuted for arson, in setting fire to one house, and various other houses are burned by virtue of said act of arson, the burning of the various houses, one after the other, would not make a separate and distinct offense, there being but one act of volition. The court, in another part of last cited case, said: "It follows that two or more persons may be assaulted or killed by a single act, or two or more buildings burned by

a single act; and in such case it seems clear that the offense may be regarded as single. This accords with reason. The rule can work no injustice to the party accused." See also Sadberry v. State, 39 Texas Crim. Rep., 466; Jones v. State, 66 Miss., 380; Benn v. State, 26 Ala., 9; Clem v. State, 42 Ind., 420; Hurst v. State, 86 Ala., 604; Gunter v. State, 111 Ala., 23; People v. Stevens, 79 Cal., 428; State v. Elder, 65 Ind., 282; Trippett v. Commonwealth, 84 Ky., 193; State v. Mathews, 42 Vt., 442. The Gunter case is exactly like the present one.

Appellant's second assignment is, that the court erred in charging the jury upon the law of provoking the difficulty. We think this assignment is well taken. In Cartwright v. State, 14 Texas Criminal Appeals, 486, we held that the right of self-defense is not impaired by mere preparation for the perpetration of a wrongful act unheralded and unaccompanied by any demonstration, verbal or otherwise, indicative of the wrongful purpose. And, with unvarying uniformity, we have upheld this principle as stated in the Cartwright case. In Casner v. State, ante, page 12, 2 Texas Court Reporter, 559, we held that the mere fact that appellant made an assault is not provoking the difficulty within the contemplation of law. The witness George Goodman, as indicated by the above statement, says: "I was standing out on the sidewalk in front of the store, when defendant and his son came along. I saw them about the time they got to Mr. Ellington's store. I stayed on the sidewalk and watched them until they had gotten to me, or probably had passed me a little, when defendant suddenly pulled out his pistol, started to make an effort to shoot, but, before he had time to do so, I struck him on the head with my fist." Now, there is nothing in this statement to suggest provoking the difficulty. If Goodman's statement be true, appellant was in the act of making an unprovoked assault upon him at the time he knocked him down to save his own life or his person from serious bodily harm. We attempted in the Casner case, supra, to define the word "provoke." The Penal Code says that all words must be taken in their ordinary significance, unless technical words are used. Then the dictionaries define the word to mean to excite to anger, or passion, to exasperate, to irritate, to enrage. Now, what did appellant do to Goodman to excite him to anger, to passion, to exasperate, to irritate, or enrage him? He was going along the street, as he had a right to do. He had partially passed Goodman, or was in the act of doing so, when Goodman says he drew a pistol, or was in the act of drawing one, when he knocked him down. What act was done by appellant, or what word was spoken by him, indicative of any desire or inclination to bring about and provoke a difficulty? There is nothing in the Casner case, supra, at variance with any of the decisions of this court on the question of provoking the difficulty. The judge must charge the jury all the law applicable to the facts; and a charge, on the law of provoking the difficulty, when there is no provocation, is as serious an error against the rights of appellant as to omit charging one of his defenses. The district attorney, who files a brief, insists that the last cited case is at

variance with the other decisions. This is not true. For a fuller and further discussion of this question, see White v. State, 32 S. W. Rep., 575; Wrage v. State, 41 Texas Crim. Rep., 369; Airhart v. State, 40 Texas Crim. Rep., 470; Mozee v. State, 51 S. W. Rep., 250; Abram v. State, 36 Texas Crim. Rep., 44.

For the errors discussed, the judgment is reversed and the cause remanded.

*Reversed and remanded.*