Jeff Morgan v. The State.

No. 12147.   Delivered February 20, 1929.

The opinion states the case.

*Chastain & Judkins* of Eastland, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

LATTIMORE, Judge.—Conviction for aggravated assault; punishment, six months in the county jail.

Appellant was indicted and tried for assault to murder one Gibbons, and convicted of aggravated assault.   Gibbons fired three shots at appellant with a pistol.   He was inside his restaurant at the time. His pistol then refused to work, and appellant fired three times with his pistol at Gibbons.   There had been trouble between the two a month before, at which time Gibbons had a pistol, cursed appellant and told him to stay away from his restaurant.   On this trial Gibbons swore that he fired at appellant because the latter walked up and down in front of his restaurant, cursing him and calling him a long-nosed s-n-of-a-b, and inviting him to come out; said he wished Gibbons would raise his hands or make a move, and finally when Gibbons got some customers out of the restaurant, appellant made a "bull" run for the door and jerked it open with his pistol fairly out,—at which time Gibbons opened fire on him.   Appellant swore that on the occasion in question he was with his little four

year old boy, and when they got near Gibbons' restaurant the boy made a run to go in to get some soda pop, and that he made a dive to catch the boy, and Gibbons from within said: "Stay out of here, you s-n-of-a-b," whereupon appellant said, "You Roman nosed s-n-of-a-b, I am not coming in there." He said Gibbons at once began shooting; that he did not have his pistol in his hand and made no hostile demonstration and fired no shot until Gibbons first fired at him, and that he did not know whether Gibbons was shooting at him or his boy.

In this condition of the record the court charged the jury on provoking the difficulty, and gave them the following charge:

"But you are further instructed that a party cannot avail himself of a necessity which he has knowingly brought upon himself. Whenever a party by his own wrongful act provokes a contest with the apparent intention of killing another or of doing him serious bodily injury, or when a party goes with a deadly weapon to where another is, for the purpose of provoking a difficulty, and thereby causes the other reasonably to believe that he is in immediate danger of loss of life or serious bodily injury, and so believing to attack him, then you are instructed that the party so provoking the said difficulty cannot avail himself of the plea of self defense. But if a party, without having provoked the difficulty and caused an attack upon himself as above set forth is, by the assault of another, or the acts of another, placed in fear of loss of life or of serious bodily injury, of himself or as in this case his child, then you are instructed that he can avail himself of such plea and the law of self-defense as defined above is fully applicable."

This charge is not correct, but this will not be discussed inasmuch as no complaint was made of the form of the charge. See Woodward v. State, 111 S. W. Rep. 941. This charge was excepted to as being an abstract statement of what was believed to be the law by the trial court who made no effort to apply same to any facts; further, that there was no testimony raising the issue of provoking the difficulty; that same was on the weight of testimony as indicating to the jury that the court thought appellant had provoked the difficulty.

As we view this case it presented the question of who began the difficulty, and the issue of provoking such difficulty was not in the case. If Gibbons' testimony be accepted, appellant was making an attack on him which, from its manner and the weapon displayed, would plainly have justified Gibbons in the use of all means neces-

sary to defend his person and repel the attack thus begun. If appellant's testimony be looked to, he was making no attack, displaying no weapon, and did nothing before Gibbons shot save to try to catch his son, and to reply to Gibbons' use toward him of a vile epithet and the telling of him to stay out of Gibbons' place,—by calling Gibbons the same vile name and saying that he was not coming in there. On the proposition that under these facts there was no issue of provoking a difficulty, see Pollard v. State, 45 Texas Crim. Rep. 121; Crawson v. State, 51 Texas Crim. Rep. 14; Dugan v. State, 86 Texas Crim. Rep. 130; Carlisle v. State, 90 Texas Crim. Rep. 1; Cook v. State, 43 Texas Crim. Rep. 188, which hold that when the question is who began the difficulty, it is error to charge on provoking such difficulty.

On the proposition that it is error to charge on provoking a difficulty when the facts do not call for such charge, see Tillery v. State, 24 Texas Crim. App. 271; Morgan v. State, 34 Texas Crim. Rep. 225, and authorities cited and collated in Branch's Annotated P. C., p. 1096.

On the proposition that it is error to charge abstract propositions of law without applying same to the facts, see Reggan v. State, 208 S. W. Rep. 523; Frances v. State, 7 Texas Crim. App. 501; Edwards v. State, 259 S. W. Rep. 578.

For the error complained of the judgment will be reversed and the cause remanded.

*Reversed and remanded.*