PINK ABRAM v. THE STATE.

*No. 977.   Decided April 22nd, 1896.*

1. **Murder—Charge—Provoking Difficulty.**

On a trial for murder, where it appeared from the evidence that all that was done by the deceased was to tell defendant, "to dry up and go off or he would make him;" that there was no attempt to use violence upon defendant, no attempt to execute his threat and that defendant thereupon, immediately inflicted upon him the fatal stab with a knife. Held: There was no provocation sufficient to reduce the homicide to manslaughter, and the charge of the court submitting that issue, while it would have been fatal error had the case presented an issue of self-defense, was, under the circumstances of this case, harmless error and not calculated to confuse or mislead the jury.

2. **Same—Proper Charge.**

The doctrine of provoking a difficulty, is in the nature of an estoppel, and applies in cases in which the accused inflicts the mortal blow to save his life or prevent serious bodily injury. Upon the facts stated above, the court should have instructed the jury, that if they believed beyond a reasonable doubt that defendant and deceased were engaged in a verbal altercation; that deceased ordered him to dry up or go off, or else he would make him; that they got into a quarrel; each party engaged in cursing the other, and that defendant, with a knife, a deadly weapon, stabbed the deceased and killed him with malice aforethought; that he would be guilty of murder. Of course malice should also be defined.

3. **Charge—"Reasonable Doubt."**

On a trial for murder where the court charged the jury, "that as to instructions of acquittal upon a reasonable doubt of defendant's guilt, such doubt must be reasonable, and based upon sound judgment. It must be fairly deducible from the evidence, considered as a whole. The mere possibility that the defendant may be innocent will not warrant an acquittal upon the ground of a reasonable doubt." Held:

The charge is erroneous. The statute upon that subject is an all-sufficient charge, and when the court has submitted the statute on reasonable doubt, it will have done its whole duty on that subject. It is not proper for the court to discuss what a reasonable doubt is.

APPEAL from the District Court of Freestone. Tried below before Hon. RUFUS HARDY.

The appeal is from a conviction for manslaughter, the punishment being assessed at two years' imprisonment in the penitentiary.

The facts are stated in the opinion.

[No briefs for either party in the record.]

*Mann Trice*, Assistant Attorney-General, for the State.

HURT, PRESIDING JUDGE.—Appellant was convicted of manslaughter, and given two years in the penitentiary, and prosecutes this appeal. The court submitted to the jury the following charge: "No one who voluntarily brings on an affray, in which he intends to wreak his malice, can avail himself of the plea of self-defense, even though his own life is endangered in the affray. If the slayer provoked the contest which resulted in the killing of the deceased, he is guilty of manslaughter, although he may have done the act of killing in order to save his own life." To the giving of this charge the appellant by his counsel excepted at the time. The first question presented is whether the testimony required such a charge. The witness, Manning, swears: "That Rasbery Abram (deceased), Pink Abram (defendant), Mandy Burns, Barbary Thomas, and witness had started from Mandy Burns' house to go to a festival. Pat Wauls and Pink Abram were behind, and there was hallooing and cursing, like boys will do on Christmas times. Deceased said to the defendant that he must dry up, and go off, or that he would make him. Defendant said, 'Make me.' They cursed each other. Defendant said that he would cut deceased's heart out. Then I heard the deceased say that, 'You have cut me, and I am going to kill you.' Deceased then knocked and kicked the defendant down three times. The deceased was on top of the defendant, and I heard defendant make a noise like a hog that had been stuck. I told the deceased to get off of Pinkey; that, 'You fool, you are killing Pinkey.' I then pulled deceased off of Pinkey. Deceased said that he was a dead man, walked off a few feet, and fell in the road. I called some one to come to me. Chance Cannon came, and I left him with deceased while I went to the festival, and Bob Mims and Floyd Senter returned with me to the scene of the killing." These are the facts immediately attending the homicide. Quite a number of witnesses were introduced for the purpose of proving that the witness, Manning, had frequently stated that he did not know that the deceased was cut at all until after he pulled him off of the defendant. This testimony could serve but one purpose, and that is to impeach Manning. It was not evidence of what occurred at the time. Under the facts stated by Manning, was the doctrine of provoking the difficulty involved in this case? It was not. This doc-

trine applies in cases in which the accused inflicts the mortal blow to save his life or prevent serious bodily injury. In this case he was the aggressor, and inflicted the wound before his life or body was endangered at all. The testimony of this witness is to the effect that, when the deceased told him he must dry up, or. go off, the defendant said, "Make me." After cursing one another, the defendant said that he would cut the deceased's heart out, acting at once by inflicting the mortal wound upon the deceased with a knife. The doctrine of provoking the difficulty is in the nature of an estoppel. The defendant introduces evidence tending to show that he acted in self-defense. The State replies, "You are estopped from making such a plea, because you produced the occasion or provoked the difficulty with the view of obtaining a predicate to ·slay your adversary, or to inflict upon him serious bodily injury." The State never insists upon this principle of law, except in cases in which the mortal wound, or the assault and battery, as the case may be, is met by the plea of self-defense. Then the State can rely upon this doctrine to deprive the defendant of such a right. In this case the defendant was in no danger when he inflicted the mortal wound. The first violence used was by him, and that with a knife. The court should have instructed the jury that if they believed, from the evidence, beyond a reasonable doubt that the defendant and the deceased were engaged in a verbal altercation; that the deceased ordered him to dry up, or go off, or else he would make him; that they got into a quarrel, each party engaged in cursing the other; and that the defendant with a knife, being a deadly weapon, stabbed the deceased and killed him, with malice aforethought—that he would be guilty of murder. Of course, the court should have defined malice. We fail to find any provocation in this case which was sufficient to reduce the homicide to manslaughter. All that was done by the deceased was to tell the defendant that he must dry up, or go off, or that he would make him. There was no attempt to use violence upon the defendant, no attempt to execute his threats; but, immediately after cursing one another, the fatal stab was given by the defendant. But one witness details the facts attending the homicide. The other testimony, as before stated, is for the purpose of impeaching this witness, Manning. Hence, no theory could be submitted to the jury, except that based upon the testimony of Manning. Of course, the court should have instructed the jury in regard to this testimony as tending to impeach Manning, but this impeaching testimony was not sufficient to present a theory in the ·case. While the doctrine of provoking the difficulty was not in the ·case, submitting it to the jury evidently worked no injury to the accused, nor was it calculated, under the circumstances of this case, to confuse or mislead the jury. The jury, no doubt, believed that the court had reference to the act of the defendant in stabbing the deceased. · If there was evidence tending remotely to present self-defense, this charge would be very objectionable, because the jury might then have believed it had reference to the boisterous and profane language of the defendant; but

there is no evidence at all presenting the theory of self-defense. The whole case, as before stated, rests upon the testimony of Manning, and he makes the defendant the aggressor, armed with a deadly weapon up to the time when he inflicted the mortal wound. After that the deceased knocked him down several times; but, the mortal wound having been inflicted, there was no self-defense to the acts of the deceased. At the request of counsel for the State, the court submitted the following charge to the jury: "You are further instructed, at the request of the State, that, as to the instructions of acquittal upon a reasonable doubt of defendant's guilt, such doubt must be reasonable, and based upon sound judgment. It must be fairly deducible from the evidence, considered as a whole. The mere possibility that the defendant may be innocent will not warrant an acquittal upon the ground of reasonable doubt." To this charge the defendant excepted at the time, and reserved a bill of exceptions. We have repeatedly held that the statute upon this subject is an all-sufficient charge. Submitting to the jury the statute on reasonable doubt, the court will have done its whole duty pertaining to this subject. It is not proper for the court to discuss what the reasonable doubt is. The jury is as competent to determine that as the court. Again, this charge is calculated to impress the jury with the belief that the testimony itself must indicate the "reasonable doubt" affirmatively, when the true principle is, that the criminative facts must exclude it. The burden is upon the State, by proof, to exclude this "reasonable doubt." Such a charge as this, in substance, has been denounced by this court in a number of cases. See, Holmes v. State, 9 Tex. Crim. App., 313; Massey v. State, 1 Tex. Crim. App., 563; Robertson v. State, 10 Tex. Crim. App., 602. For the giving of this special charge by the court, the judgment is reversed, and the cause remanded.

*Reversed and Remanded.*