NO. 07-01-0047-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

AUGUST 1, 2001

______________________________

JOHN D’COSTA, JR., APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_________________________________

FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 98-429159; HONORABLE JIM BOB DARNELL, JUDGE

_______________________________

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

Upon a plea of not guilty, appellant John D’Costa, Jr. was convicted by a jury of possession with intent to deliver cocaine and punishment was assessed by the trial court at 18 years confinement.  By four issues, appellant contends the trial court erred in (1) admitting evidence of alleged extraneous conduct; (2) failing to instruct the jury regarding the limited use of extraneous offense evidence; (3) failing to properly charge the jury regarding the law applicable to the case; and (4) defining “reasonable doubt.”  Based upon the rationale expressed herein, we affirm.

Appellant does not challenge the sufficiency of the evidence.  Thus, only a brief recitation of the facts is necessary.  On September 23, 1998, Ray Gill, a confidential informant, contacted Lubbock police officers that appellant would be driving to Plainview to sell crack cocaine.  Based on the tip from the informant, who was a passenger in appellant’s car, appellant was pulled over by Officer Dwayne Gerber.  Appellant consented to have his car and his person searched.  Although nothing was found in the car or on appellant, Gerber noticed a bag of tan rocks, which was later identified as 9.20 grams of crack cocaine, laying on the ground in close proximity to where appellant was standing.  Appellant was arrested and transported to the police department.  Although an ounce of marijuana was found on Gill, he was not arrested because Gerber believed that he was holding the contraband for appellant. 

Gill testified that as appellant was being pulled over he threw two “blunts” out the window and placed the bag of crack cocaine down his pants.  Over defense counsel’s objection based on a motion in limine and the trial court’s denial of a request for an instruction to disregard, Gill explained that appellant gave him the marijuana to hold. 

After appellant was found guilty, he testified during the punishment phase hopeful for a term of community supervision.  He admitted his guilt and when questioned why he pled not guilty, he replied, “I don’t know.  I was kind of wanting to avoid it, but I realized that I might as well go on and tell the truth . . . .” 

Under DeGarmo v. State, 691 S.W.2d 657 (Tex.Cr.App. 1985), 
cert. denied
, 474 U.S. 973, 106 S.Ct. 337, 88 L.Ed.2d 322 (1985), an appellant is estopped from complaining about any error occurring at the guilt/innocence phase of a trial if he admits his guilt to the charged offense during the punishment phase of the trial.  The reasoned justification for the 
DeGarmo
 doctrine was the determination of truth.  McGlothin v. State, 896 S.W.2d 183, 187 (Tex.Cr.App. 1995), 
cert. denied
, 516 U.S. 882, 116 S.Ct. 219, 133 L.Ed.2d 150 (1995).  Thus, when a defendant testified and admitted his guilt, the purpose of the trial process had been served–the truth had been determined, and a defendant was estopped from raising reversible error on appeal.  However, in Leday v. State, 983 S.W.2d 713 (Tex.Cr.App. 1998), the 
DeGarmo
 doctrine was reconsidered and its application was restricted to appellate review of fundamental guaranties that were “made to preserve a value that was seen to be more important than the discovery of the truth . . . .”  
Id
. at 725;
(footnote: 1) 
see also
 Kelley v. State, 22 S.W.3d 628, 630 (Tex.App.–Fort Worth 2000, pet. ref’d).  Pursuant to 
Leday
, this Court is required to determine whether appellant asserts any fundamental rights or basic guaranties, or whether the truth-finding function prevails to estop him from presenting his issues on appeal.  Gutierrez v. State, 8 S.W.3d 739, 745 (Tex.Cr.App. 1999).

By his first three issues, appellant complains of trial court error in (1) the admission of alleged extraneous misconduct, (2) failing to instruct the jury regarding the limited use of extraneous offense evidence, and (3) failing to properly charge the jury regarding the law applicable to the case.  We disagree.  Appellant’s complaints are based on evidentiary rulings and do not implicate fundamental guaranties or constitutional rights.  Huizar v. State, 12 S.W.3d 479, 482 (Tex.Cr.App. 2000).  Thus, pursuant to 
Leday
, appellant is estopped from raising these contentions on appeal.  983 S.W.2d at 725.

Moreover, regarding appellant’s second issue, although Rule 105(a) of the Texas Rules of Evidence does not require an objection, it does require a request for a limiting instruction of the proper scope of the evidence at the time it is introduced.  Absent a request, the trial court’s admission of such evidence without a limiting instruction “shall not be a ground for complaint on appeal.”  
Id
.  When the informant testified, he explained that at the time of the stop he was holding marijuana for appellant because appellant said “he already had a dope case and he asked me . . . .”  The informant’s testimony was interrupted by defense counsel’s objection and a request for an instruction to disregard.  The request for an instruction was denied.  However, defense counsel did not request a limiting instruction as required by Rule 105(a).  Thus, any complaint regarding the trial court’s ruling cannot be raised on appeal.  Tex. R. App. P. 33.1(a); 
see also
 Rodriguez v. State, 974 S.W.2d 364, 370 (Tex.App.–Amarillo 1998, pet. ref’d).  

In presenting his third issue, appellant urges this Court to overrule our decision in 
Rodriguez
 contending that statutory waivers are in conflict with article 36.14 of the Texas Code of Criminal Procedure (Vernon Supp. 2001), which provides “the judge shall before the argument begins, deliver to the jury . . . a written charge distinctly setting forth the law applicable to the case . . . .”  Relying on Huizar v. State, 12 S.W.3d 479, 483-84 (Tex.Cr.App. 2000), appellant contends the trial court should have 
sua sponte
 given a limiting instruction as “law applicable to the case.”  In all fairness to appellant, after his brief was filed, the Court of Criminal Appeals ruled adversely to him on this particular issue.  Hammock v. State, No. 213-00, 2001 WL 540053, *4 (Tex.Cr.App. May 23, 2001).  In 
Hammock
, appellant did not object nor request a limiting instruction to testimony of his prior jail experiences.  Nevertheless, he argued that he had the right to have a limiting instruction included in the charge pursuant to article 36.14, independent of Rule 105(a).  Agreeing with the State, the Court concluded that without a limiting instruction the evidence was admitted for all purposes and a limiting instruction was not warranted under the law applicable to the case.  
Id
.  Thus, we perceive no conflict between statutory waivers and article 36.14 under these circumstances and follow our decision in 
Rodriguez
 in situations where, as here, a limiting instruction was never requested at the time the objectionable evidence was offered. 

By his fourth issue, appellant contends the trial court erred in defining reasonable doubt.  We disagree.  During the charge conference, a discussion regarding the recent case of Paulson v. State, 28 S.W.3d 570 (Tex.Cr.App. 2000), was alluded to regarding the definition of reasonable doubt.  In 
Paulson
, the Court found that “the better practice is to give no definition of reasonable doubt at all to the jury,” but further stated that if both the State and the defense agreed to give a 
Geesa
 instruction,
(footnote: 2) it would not constitute reversible error for the trial court to acquiesce to their agreement.  
28 S.W.3d at 573.  Defense counsel objected to any elimination of the definition of “reasonable doubt” as previously required by 
Geesa
.  The trial court eliminated most of the definition, but left a sole paragraph defining “reasonable doubt.”  Appellant contends the inclusion of a partial definition of “reasonable doubt” over his objection and without agreement by the State constituted reversible error requiring a new trial.  

Although jury-charge error is not listed in the basic guaranties set forth in 
Leday
, it may at times be a right valued above the truth-seeking function of a trial and thus, may be raised on appeal notwithstanding the 
DeGarmo
 doctrine.  
Gutierrez
, 8 S.W.3d at 746.  Jury-charge error falls within two categories:  fundamental error and ordinary reversible error, and is reviewed pursuant to article 36.19 of the Texas Code of Criminal Procedure and Almanza v. State, 686 S.W.2d 157 (Tex.Cr.App. 1984).

We must first determine whether the trial court’s definition of “reasonable doubt” was error, and, if so, then inquire if it was fundamental error.  Prior to 
Geesa
, a definition of “reasonable doubt” was discouraged.  
Paulson
, 28 S.W.3d at 573.  The Court of Criminal Appeals had long since determined that a jury was competent to determine the accepted meaning of reasonable doubt and that a trial court need not amplify nor attempt to explain the term.  
Id
. at 571; Whitson v. State, 495 S.W.2d 944, 946 (Tex.Cr.App. 1973); Abram v. State, 36 Tex. Crim. 44, 35 S.W. 389, 390 (1896).  However, after 
Geesa
, it became mandatory to include a six-paragraph instruction of “reasonable doubt” in the charge, and in 1996, failure to submit the 
Geesa
 instruction was automatic reversible error immune from harm analysis.  Reyes v. State, 938 S.W.2d 718, 721 (Tex.Cr.App. 1996), 
overruled
, Paulson v. State, 28 S.W.3d 570, 573 (Tex.Cr.App. 2000).

The partial definition appellant complains of provides “[a] ‘reasonable doubt’ is a doubt based on reason and common sense after a careful and impartial consideration of all the evidence in the case.”  Regarding this particular definition, the Court noted that it is useless and is like saying “[a] white horse is a horse that is white.”  
Paulson
, 28 S.W.3d at 572.  Since 
Paulson
, no definition of “reasonable doubt” is required.  Also, no Texas statute mandates a definition.  Furthermore, the Supreme Court held in Victor v. Nebraska, 511 U.S. 1, 5, 114 S.Ct. 1239, 1243, 127 L.Ed.2d 583 (1994), “the Constitution neither prohibits trial courts from defining reasonable doubt nor requires them to do so as a matter of course.”  
Given the current status of the law regarding a definition of “reasonable doubt” and the fact that the definition appellant complains of has been deemed useless, we find the trial court did not err by including a partial definition of “reasonable doubt” in the charge.  Issue four is overruled.

Accordingly, the judgment of the trial court is affirmed. 

Don H. Reavis

         Justice

Do not publish.  

FOOTNOTES
1:
Nowhere in his brief does appellant reference 
DeGarmo
 or 
Leday
, nor does he contend that his issues fall within the fundamental guaranties and due process rights discussed in 
Leday
.

2:
Geesa v. State, 820 S.W.2d 154 (Tex.Cr.App. 1991), 
overruled
 
in part
, Paulson v. State, 28 S.W.3d 570, 573 (Tex.Cr.App. 2000).