

# IN THE
# TENTH COURT OF APPEALS

**No. 10-10-00143-CV**
**No. 10-10-00144-CV**
**No. 10-10-00145-CV**
**No. 10-10-00146-CV**

**ANTHONY RANDOLPH,**

**Appellant**

 **v.**

**THE STATE OF TEXAS,**

**Appellee**

**From the 54th District Court**
**McLennan County, Texas**
**Trial Court Nos. 2006-1690-C2, 2006-1691-C2,**
**2006-1692-C2, and 2006-1643-C2**

## O P I N I O N

Anthony Samax Randolph was convicted of four separate felony offenses and waived his right to appeal these offenses. In the judgment for each conviction, the trial court assessed all court appointed attorney's fees, investigator's fees, and interpreter's fees as costs against Randolph. A notice of withdrawal to pay the costs in each case

from Randolph's inmate account[1] was signed on July 6, 2007 and a copy was sent to Randolph as well as the Texas Department of Criminal Justice. In March of 2010, Randolph filed a Motion to Rescind Garnishment Orders for the four convictions. The trial court denied Randolph's motion, and Randolph appeals. We affirm.

Randolph's motion in each case is set out below. All emphasis, spelling, and grammar is as presented in the motion.

NOW INTO COURT COMES Anthony Samax Randolph, Petitioner in the above captioned motion who respectfully petitions this Court to rescind its garnishment orders for the following reasons:

I

Petitioner's garnishment orders for Case Nos. <u>2006-1690-C2; 2006-1691-C2; 2006-1692-C2; and 2006-1643-C2</u>; are invalid and <u>MUST</u> be voided, because the trial court failed to provide Petitioner with a notice, or a hearing, prior to the garnishment orders.

Petitioner contends his due process rights to protect his property interest – money in his inmate trust account – was violated by the trial court without a notice, or a hearing being afforded to Petitioner prior to the trial court's garnishment orders.

II

"An order issued without due process is void."; citing <u>Abdullah v. State</u>, 211 S.W.3d 938, 943-Tex. App.—Texarkana 2007.

Orders directing withdrawals from inmate prison trust accounts to satisfy costs associated with inmate's convictions were VOID as having been entered without affording inmates a notice, or a hearing – in violation of his procedural due process rights. U.S.C.A. Const. Amend. 14; VTCA Government Code § 501.014; <u>id Abdullah</u>.

---

[1] Courts have frequently referred to these as inmate "trust" accounts. The term "trust" has been removed from their statutory references. Act of 1989, 71st Leg., ch. 212, § 2.01, eff. Sept. 1, 1989, *amended* by Act of 1999, 76th Leg., ch. 62, §§ 8.10, 19.02(8), eff. Sept. 1, 1999 (current version at TEX. GOV'T CODE ANN. § 501.014 (Vernon Supp. 2009)). They are simply inmate accounts. While there may be a custodial relationship between the Department and the inmate as to the money in the account, an issue not decided by us today, there is certainly no trustee/beneficiary relationship wherein the Department is burdened with all the duties of a trustee with regard to the inmate's money.

In the instant case, Petitioner has a constitutional property interest invested in his inmate trust fund account and without a notice, or a hearing by the trial court – prior to garnishment orders – Petition's Constitutional right to due process was violated by the trial court, making the garnishment orders VOID; id Abdullah.

PRAYER

Petitioner prays this Court will RECIND it's erroneous garnishment orders for Case Nos. 2006-1690-C2; 2006-1691-C2; 2006-1692-C2; and 2006-1643-C2; and refund all monies withdrawn from Petitioner's inmate trust fund account accordingly.

Randolph's argument in his brief differs only slightly. In his brief, he contends "that no Writ of Garnishment was served upon him prior to the trial court's garnishment order. Applellant [sic] further avers that he was not allowed an opportunity to rebut or contest the District Court's fee system, The [sic] Court's Bill of Cost Statement, or the method used to calculate attorney fees, or criminal filing fees assessed against him prior to the trial court's garnishment orders."

Relying on *Abdullah v. State*, 211 S.W.3d 938 (Tex. App.—Texarkana 2007, no pet.), Randolph presents essentially two theories on appeal from the trial court's denial of his Motion to Rescind Garnishment Orders. The first is that the document withdrawing money from his inmate account is an "order" pursuant to a writ of garnishment. It is not. It is nothing more than a notice to the Texas Department of Criminal Justice that a judgment has been rendered against Randolph and that, pursuant to the statute, the Department should withdraw money from his inmate account. TEX. GOV'T CODE ANN. § 501.014(e) (Vernon Supp. 2009); *See Harrell v. State*,

286 S.W.3d 315, 316 fn 1 (Tex. 2009); *Ramirez v. State*, ___ S.W.3d ___, 2010 Tex. App. LEXIS 3837 (Tex. App.—Waco May 19, 2010, no pet.). Further, this type of notice is not a garnishment order but is only akin to a garnishment action or an action to obtain a turnover order. *Harrell*, 286 S.W.3d at 319. Properly viewed, the notice is a civil post-judgment collection action that is aimed at seizing funds to satisfy the monetary portion of a criminal judgment. *Id*. As the Texas Supreme Court also stated in *Harrell*,

> Nothing in Texas law requires the grafting of comprehensive garnishment procedures onto Government Code section 501.014. If TDCJ were required to conform strictly with full-blown statutory garnishment requirements as suggested by the Texarkana court of appeals in *Abdullah*, TDCJ would doubtless face expending more money than it would ever collect in many cases, since withdrawal orders typically seek modest sums. Faced with this cost-benefit tradeoff, TDCJ would likely opt not to seek recoupment at all, thus subverting the Legislature's goal of efficient cost-collection.

*Id*. at 320 (footnotes omitted). Further, the Constitution does not require a comprehensive garnishment proceeding. *Id*. at 321.

Randolph's second theory is that he was entitled to notice and a hearing prior to the trial issuing the withdrawal notice. The Texas Supreme Court has addressed this theory in *Harrell* as well and has held an inmate is entitled to notice via a copy of the withdrawal notice from the trial court and an opportunity to be heard via a motion made by the inmate. *Id*. Neither need occur before the funds are withdrawn. *Id*. Just as in *Harrell*, Randolph received a copy of the notice of withdrawal and had an opportunity to be heard by filing a motion with the trial court. He received all that due process requires.

To the extent that Randolph also argues that he did not have the opportunity to challenge the bill of costs, we note that Randolph had copies of that document by July 13, 2007 and was free to contest the amount assessed at that time. *Id*. at 320. He did not.

Accordingly, the trial court's Order denying Randolph's Motion to Rescind Garnishment Orders is affirmed.


                              TOM GRAY
                              Chief Justice

Before Chief Justice Gray,
        Justice Reyna, and
        Justice Davis
Affirmed
Opinion delivered and filed August 25, 2010
[CV06]