

IN THE
TENTH COURT OF APPEALS

———————————

No. 10-10-00302-CR

KARL MAYER,

Appellant

v.

THE STATE OF TEXAS,

Appellee

———————————

From the 19th District Court
McLennan County, Texas
Trial Court No. 2009-1062-C1

———————————

## MEMORANDUM OPINION

———————————

Karl Mayer appeals from his convictions for two counts of aggravated sexual assault of a child and one count of indecency with a child. TEX. PENAL CODE ANN. §§ 22.11; 22.021 (West 2003). The jury assessed punishment at fifty years in prison for each count of aggravated sexual assault and seven years in prison for the indecency charge. Mayer complains that the trial court erred by denying a pre-trial motion relating to questions he sought to ask the jurors in voir dire, that court-appointed attorney's fees and investigator's fees were improperly assessed against him, and that the trial court erred by submitting three separate orders to garnish court costs including attorney's fees and investigator's fees that each assessed the full amount for all three convictions.

Because we find that the trial court erred by assessing attorney's fees and investigator's fees, we modify the judgments of conviction to delete those fees, and as modified, affirm the judgments of the trial court.

*Voir Dire*

Mayer contends that defendants have the right to have jurors understand that there are three separate standards of proof and, without being allowed to question jurors regarding their understanding of the amount of proof necessary to meet each standard, there is the potential that a jury member would convict a defendant using a lower standard than "beyond a reasonable doubt."

Mayer filed a pre-trial motion seeking the right to ask the following three questions of the jury panel:

1. Do you understand that there is a difference in the amount of proof necessary to reach a verdict and have a decision made in a civil case (preponderance of the evidence) and in a criminal case (beyond a reasonable doubt)?

2. Do you understand that there is a difference between the amount of proof necessary to reach a verdict and have a decision made in a suit for the termination of parental rights (by clear and convincing evidence) and in a criminal case (beyond a reasonable doubt)?

3. Do you understand that proof beyond a reasonable doubt is a higher standard than proof beyond a reasonable doubt (sic) and clear and convincing proof?

The trial court held a hearing on Mayer's motion and denied it in its entirety.

A defendant is entitled to question prospective jurors on any matter which will be an issue at trial, including their understanding of "reasonable doubt." *See Dinkins v. State*, 894 S.W.2d 330, 344 (Tex. Crim. App. 1995). However, there is no statutory definition of "reasonable doubt" to use as a reference. *See Rodriguez v. State*, 96 S.W.3d

398, 400-01 (Tex. App.—Austin 2002, pet. ref'd). In 1991, the Court of Criminal Appeals adopted a mandatory definition of reasonable doubt, but abandoned it less than a decade later. *See Paulson v. State*, 28 S.W.3d 570, 573 (Tex. Crim. App. 2000) (specifically overruling that part of *Geesa v. State*, 820 S.W.2d 154 (Tex. Crim. App. 1991), requiring "beyond a reasonable doubt" definition). Both before *Geesa* and after *Paulson*, Texas courts have held that the jury is as competent as the courts to determine how to define reasonable doubt. *Paulson*, 28 S.W.3d at 571; *Abram v. State*, 36 Tex. Crim. 44, 35 S.W. 389, 390 (Tex. Crim. App. 1896) (reasonable doubt charge is "an all-sufficient charge"). A jury member need not understand that there are three separate standards of proof in order to hold the State to the burden of beyond a reasonable doubt. *See Maynard v. State*, No. 03-07-00589-CR, 2008 Tex. App. LEXIS 5339 at *8 (Tex. App.—Austin July 16, 2008) (mem. op., not designated for publication). During voir dire, the State and Mayer were able to question the jury extensively about reasonable doubt, and Mayer does not contend that there were any jurors who did not understand reasonable doubt or who were unwilling to follow that standard. The trial court did not abuse its discretion by denying Mayer's motion at the pre-trial hearing. We overrule issue one.

*Ineffective Assistance of Counsel*

Mayer contends that because the trial court denied him his right to ask the questions listed above, his trial counsel was unable to provide effective assistance of counsel pursuant to *United States v. Cronic*. *United States v. Cronic*, 466 U.S. 648, 659 (1984) (ineffective assistance of counsel presumed harmful in certain circumstances, including when trial counsel prevented from assisting during a critical stage of the proceeding). However, since we have determined that the trial court did not abuse its

discretion by not allowing the questions as set forth in his pre-trial motion, and Mayer's trial counsel was able to and did question the panel extensively about reasonable doubt, we do not believe that Mayer was denied the right to effective assistance of counsel pursuant to *Cronic*. Mayer does not allege that he received ineffective assistance of counsel pursuant to *Strickland v. Washington*. *Strickland v. Washington*, 466 U.S. 668 (1984) (two-pronged analysis for establishing ineffective assistance of counsel). We overrule issue two.

### *Attorney's Fees and Investigator's Fees*

For the purposes of assessing attorney's fees and investigator's fees, once an accused is found to be indigent, he is presumed to remain so through the proceedings absent proof of a material change in his circumstances. TEX. CODE CRIM. PROC. ANN. art. 26.04(p) (West Supp. 2009); *Mayer v. State*, 309 S.W.3d 552, 557 (Tex. Crim. App. 2010); *Watkins v. State*, No. 10-10-00055-CR, 2010 Tex. App. LEXIS 9641 at *24 (Tex. App.—Waco Dec. 1, 2010, no pet. h.). Accordingly if the defendant is found to be indigent at the outset of trial, there must be some evidence presented to the trial court of a change in financial circumstances before attorney's fees and investigator's fees can be assessed against the defendant. *See Mayer*, 309 S.W.3d at 553.

In this case, Mayer was found to be indigent prior to trial and was appointed trial counsel. No evidence indicating a change in his financial circumstances was proffered during the trial. Additionally, the trial court determined that Mayer was indigent for purposes of appeal, ordered the appointment of appellate counsel, and granted Mayer a free record on appeal on account of his indigence. Accordingly, as the presumption of indigence remains, we hold that the evidence is insufficient to support

Mayer v. State          Page 4

the trial court's assessment. *See* TEX. CODE CRIM. PROC. ANN. art. 26.04(p); *Mayer*, 309 S.W.3d at 557; *Watkins*, 2010 Tex. App. LEXIS 9641 at *24. We consequently modify the trial court's judgments to delete the orders to pay attorney's fees and investigator's fees and order Mayer to pay only the costs of court in the amount of $700.00. *See Mayer*, 309 S.W.3d at 557. We sustain issue three.

*Multiple Orders*

Mayer complains that the trial court erred by signing three separate "orders to withdraw funds" from his inmate trust account at TDCJ because each ordered the payment of the entirety of the court costs. Mayer argues that he could potentially be required to pay the court costs three times according to the language of the "orders." These "orders" were signed separate and apart from the three judgments of conviction.

First, we question whether we have jurisdiction over this complaint in this appeal. This is a criminal appeal. The type of "orders" about which Mayer complains have been determined to be civil, not criminal in nature. *See In re Johnson*, 280 S.W.3d 866 (Tex. Crim. App. 2008); *Harrell v. State*, 286 S.W.3d 315 (Tex. 2008). Second, even if we have jurisdiction, as a prerequisite to presenting a complaint on appeal, a party must have made a timely and specific request, objection, or motion to the trial court. TEX. R. APP. P. 33.1(a)(1)(A). The purpose of the specificity required in rule 33.1(a) is to (1) inform the court of the basis of the objection and give it an opportunity to rule on it; and (2) give opposing counsel the opportunity to respond to the complaint. *Resendez v. State*, 306 S.W.3d 308, 312 (Tex. Crim. App. 2009). Here, there is no indication that Mayer complained about the amounts contained in the "order to withdraw funds" once he received notice of them, either by filing a motion to rescind or otherwise. *See e.g.,*

*Harrell v. State*, 286 S.W.3d 315, 317 (Tex. 2008) (considering trial court's denial of motion to rescind); *Randolph v. State*, 323 S.W.3d 585, 586 (Tex. App.—Waco 2010, no pet.) (same). As a result, any issue pertaining to the order to withdraw funds has not been preserved for our review. Mayer's fourth issue is overruled.

*Conclusion*

We find that the trial court did not abuse its discretion by denying Mayer's pre-trial motion regarding voir dire questions, nor did that constitute the inability to render effective assistance of counsel. We find that the trial court erred by assessing attorney's fees and investigator's fees against Mayer and modify the judgments by deleting the assessment of attorney's fees and investigator's fees. We find that the issue regarding the withdrawal "orders" is not properly before the Court or alternatively, was not preserved. As modified, the judgments of conviction are affirmed.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
        Justice Davis, and
        Justice Scoggins
Modified, and As Modified, Affirmed
Opinion delivered and filed February 23, 2011
Do not publish
[CRPM]