IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-10-00302-CR

 

Karl Mayer,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 



From the 19th District
Court

McLennan County, Texas

Trial Court No. 2009-1062-C1

 



MEMORANDUM  Opinion










 

            Karl Mayer appeals from his
convictions for two counts of aggravated sexual assault of a child and one
count of indecency with a child.  Tex.
Penal Code Ann. §§ 22.11; 22.021 (West 2003).  The jury assessed
punishment at fifty years in prison for each count of aggravated sexual assault
and seven years in prison for the indecency charge.  Mayer complains that the
trial court erred by denying a pre-trial motion relating to questions he sought
to ask the jurors in voir dire, that court-appointed attorney’s fees and
investigator’s fees were improperly assessed against him, and that the trial
court erred by submitting three separate orders to garnish court costs
including attorney’s fees and investigator’s fees that each assessed the full
amount for all three convictions.  Because we find that the trial court erred
by assessing attorney’s fees and investigator’s fees, we modify the judgments
of conviction to delete those fees, and as modified, affirm the judgments of
the trial court.

Voir Dire

Mayer contends that defendants have the
right to have jurors understand that there are three separate standards of
proof and, without being allowed to question jurors regarding their
understanding of the amount of proof necessary to meet each standard, there is
the potential that a jury member would convict a defendant using a lower
standard than “beyond a reasonable doubt.”  

Mayer filed a pre-trial motion seeking
the right to ask the following three questions of the jury panel:

1.      Do you understand that there is a
difference in the amount of proof necessary to reach a verdict and have a
decision made in a civil case (preponderance of the evidence) and in a criminal
case (beyond a reasonable doubt)?

 

2.      Do you understand that there is a
difference between the amount of proof necessary to reach a verdict and have a
decision made in a suit for the termination of parental rights (by clear and
convincing evidence) and in a criminal case (beyond a reasonable doubt)?

 

3.      Do you understand that proof beyond a
reasonable doubt is a higher standard than proof beyond a reasonable doubt
(sic) and clear and convincing proof?

 

The trial court held a hearing on
Mayer’s motion and denied it in its entirety.

A defendant is entitled to question
prospective jurors on any matter which will be an issue at trial, including
their understanding of “reasonable doubt.”  See Dinkins v. State, 894
S.W.2d 330, 344 (Tex. Crim. App. 1995).  However, there is no statutory
definition of “reasonable doubt” to use as a reference.  See Rodriguez v.
State, 96 S.W.3d 398, 400-01 (Tex. App.—Austin 2002, pet. ref’d).  In
1991, the Court of Criminal Appeals adopted a mandatory definition of
reasonable doubt, but abandoned it less than a decade later.  See Paulson v.
State, 28 S.W.3d 570, 573 (Tex. Crim. App. 2000) (specifically overruling
that part of Geesa v. State, 820 S.W.2d 154 (Tex. Crim. App. 1991),
requiring “beyond a reasonable doubt” definition).  Both before Geesa
and after Paulson, Texas courts have held that the jury is as competent
as the courts to determine how to define reasonable doubt.  Paulson, 28
S.W.3d at 571; Abram v. State, 36 Tex. Crim. 44, 35 S.W. 389, 390 (Tex.
Crim. App. 1896) (reasonable doubt charge is “an all-sufficient charge”).  A
jury member need not understand that there are three separate standards of
proof in order to hold the State to the burden of beyond a reasonable doubt.  See
Maynard v. State, No. 03-07-00589-CR, 2008 Tex. App. LEXIS 5339 at *8 (Tex.
App.—Austin July 16, 2008) (mem. op., not designated for publication).  During
voir dire, the State and Mayer were able to question the jury extensively about
reasonable doubt, and Mayer does not contend that there were any jurors who did
not understand reasonable doubt or who were unwilling to follow that standard. 
The trial court did not abuse its discretion by denying Mayer’s motion at the
pre-trial hearing.  We overrule issue one.

Ineffective Assistance of Counsel

            Mayer contends that because
the trial court denied him his right to ask the questions listed above, his
trial counsel was unable to provide effective assistance of counsel pursuant to
United States v. Cronic.  United States v. Cronic, 466 U.S. 648,
659 (1984) (ineffective assistance of counsel presumed harmful in certain
circumstances, including when trial counsel prevented from assisting during a
critical stage of the proceeding).  However, since we have determined that the
trial court did not abuse its discretion by not allowing the questions as set
forth in his pre-trial motion, and Mayer’s trial counsel was able to and did
question the panel extensively about reasonable doubt, we do not believe that
Mayer was denied the right to effective assistance of counsel pursuant to Cronic. 
Mayer does not allege that he received ineffective assistance of counsel
pursuant to Strickland v. Washington.  Strickland v. Washington,
466 U.S. 668 (1984) (two-pronged analysis for establishing ineffective
assistance of counsel).  We overrule issue two.

Attorney’s Fees and Investigator’s Fees

For the purposes of assessing attorney’s
fees and investigator’s fees, once an accused is found to be indigent, he is
presumed to remain so through the proceedings absent proof of a material change
in his circumstances.  Tex. Code Crim.
Proc. Ann. art. 26.04(p) (West Supp. 2009); Mayer v. State, 309
S.W.3d 552, 557 (Tex. Crim. App. 2010); Watkins v. State, No.
10-10-00055-CR, 2010 Tex. App. LEXIS 9641 at *24 (Tex. App.—Waco Dec. 1, 2010,
no pet. h.).  Accordingly if the defendant is found to be indigent at the
outset of trial, there must be some evidence presented to the trial court of a
change in financial circumstances before attorney’s fees and investigator’s
fees can be assessed against the defendant.  See Mayer, 309 S.W.3d at
553.

In this case, Mayer was found to be
indigent prior to trial and was appointed trial counsel.  No evidence
indicating a change in his financial circumstances was proffered during the
trial.  Additionally, the trial court determined that Mayer was indigent for
purposes of appeal, ordered the appointment of appellate counsel, and granted
Mayer a free record on appeal on account of his indigence.  Accordingly, as the
presumption of indigence remains, we hold that the evidence is insufficient to
support the trial court’s assessment.  See Tex. Code Crim. Proc. Ann. art. 26.04(p); Mayer, 309
S.W.3d at 557; Watkins, 2010 Tex. App. LEXIS 9641 at *24.  We
consequently modify the trial court’s judgments to delete the orders to pay
attorney’s fees and investigator’s fees and order Mayer to pay only the costs
of court in the amount of $700.00.  See Mayer, 309 S.W.3d at 557.  We
sustain issue three.

Multiple Orders

Mayer complains that the trial court
erred by signing three separate “orders to withdraw funds” from his inmate
trust account at TDCJ because each ordered the payment of the entirety of the
court costs.  Mayer argues that he could potentially be required to pay the
court costs three times according to the language of the “orders.”  These
“orders” were signed separate and apart from the three judgments of conviction.

First, we question whether we have
jurisdiction over this complaint in this appeal.  This is a criminal appeal. 
The type of “orders” about which Mayer complains have been determined to be
civil, not criminal in nature.  See In re Johnson, 280 S.W.3d 866 (Tex.
Crim. App. 2008); Harrell v. State, 286 S.W.3d 315 (Tex. 2008).  Second,
even if we have jurisdiction, as a prerequisite to presenting a complaint on
appeal, a party must have made a timely and specific request, objection, or
motion to the trial court.  Tex. R. App.
P. 33.1(a)(1)(A).  The purpose of the specificity required in rule
33.1(a) is to (1) inform the court of the basis of the objection and give it an
opportunity to rule on it; and (2) give opposing counsel the opportunity to
respond to the complaint.  Resendez v. State, 306 S.W.3d 308, 312 (Tex.
Crim. App. 2009).  Here, there is no indication that Mayer complained about the
amounts contained in the “order to withdraw funds” once he received notice of
them, either by filing a motion to rescind or otherwise.  See e.g., Harrell
v. State, 286 S.W.3d 315, 317 (Tex. 2008) (considering trial court’s denial
of motion to rescind); Randolph v. State, 323 S.W.3d 585, 586 (Tex.
App.—Waco 2010, no pet.) (same).  As a result, any issue pertaining to the
order to withdraw funds has not been preserved for our review.  Mayer’s fourth
issue is overruled.

Conclusion

            We find that the trial court
did not abuse its discretion by denying Mayer’s pre-trial motion regarding voir
dire questions, nor did that constitute the inability to render effective
assistance of counsel.  We find that the trial court erred by assessing
attorney’s fees and investigator’s fees against Mayer and modify the judgments
by deleting the assessment of attorney’s fees and investigator’s fees.  We find
that the issue regarding the withdrawal “orders” is not properly before the
Court or alternatively, was not preserved.  As modified, the judgments of
conviction are affirmed.

 

                                                                        TOM
GRAY

                                                                        Chief
Justice

 

Before
Chief Justice Gray,

            Justice
Davis, and

            Justice
Scoggins

Modified,
and As Modified, Affirmed

Opinion
delivered and filed February 23, 2011

Do
not publish

[CRPM]