

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-11-00133-CV

_____

FELIPE RUBIO GASPAR, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 336th Judicial District Court
Fannin County, Texas
Trial Court Nos. 22383, 22384, 22385 & 22386

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

Felipe Rubio Gaspar serves as an inmate as a result of four convictions—three for endangering a child[1] and the fourth for aggravated assault with a deadly weapon. In each of the four cases, the trial court assessed court costs of $436.00; in the fourth case, Gaspar was also fined $10,000.00. Now, funds have been withdrawn from Gaspar's inmate trust account for the costs in the four cases and the fine in the last case.

The trial court denied Gaspar's motion to reconsider the order withdrawing the funds, from which denial he appeals,[2] claiming (1) that the procedures denied him the due process of law and (2) that the trial court erred in refusing his motion to reconsider, at least in part because the $10,000.00 was for attorney's fees. We affirm the trial court's ruling.

*(1)    Gaspar Has Been Afforded Due Process*

Gaspar argues that due process requires an opportunity to be heard at a meaningful time and in a meaningful manner. Gaspar argues the trial court's failure to hold a hearing deprived him of his fundamental due process rights. The Texas Supreme Court, though, has specifically rejected these arguments. The court has determined that due process "does not require

---

[1]The trial court's judgment, in each of the endangering convictions—trial court cause numbers 22383, 22384, and 22385—recites the applicability of Section 22.04(c) of the Texas Penal Code, whereas the proper cite is to Section 22.041(c). Because this is not an appeal of those criminal convictions, we merely note those errors.

[2]*See In re Hart*, 351 S.W.3d 71, 76 (Tex. App.—Texarkana 2011, orig. proceeding) (inmate may appeal from order denying motion to reconsider pursuant to notice of appeal signed within thirty days of denial).

pre-withdrawal notice or a comprehensive civil garnishment proceeding." *Harrell v. State*, 286 S.W.3d 315, 321 (Tex. 2009). The court stated:

> an inmate is entitled to notice just as happened here (via copy of the order, or other notification, from the trial court) and an opportunity to be heard just as happened here (via motion made by the inmate)--but neither need occur before the funds are withdrawn.

*Id*. at 321. *Harrell* provides that an inmate is afforded an opportunity to be heard when the trial court considers the concerns of the inmate pursuant to a written motion to reconsider after the funds have been withdrawn. *Id*.; *Stephen v. State*, 331 S.W.3d 796, 799 n.4 (Tex. App.—Amarillo 2010, no pet.); *Webb v. State*, 324 S.W.3d 229, 232 (Tex. App.—Amarillo 2010, no pet.); *Randolph v. State*, 323 S.W.3d 585, 588 (Tex. App.—Waco 2010, no pet.). We are obligated to follow the decisions of the Texas Supreme Court. Gaspar's first issue is overruled.

*(2)     Gaspar Has Not Shown Abuse of Discretion in the Denial of His Motion to Reconsider*

Gaspar also complains that the trial court abused its discretion in not granting his motion to reconsider.[3] We review the trial court's decision on a motion to reconsider the withdrawal order under an abuse of discretion standard. *Owen v. State*, 352 S.W.3d 542, 545 (Tex. App.—Amarillo 2011, no pet.). "A trial court abuses its discretion when it acts arbitrarily or unreasonably, without reference to guiding rules or principles." *Iliff v. Iliff*, 339 S.W.3d 74, 78

---

[3]In his brief, Gaspar complains about the trial court "not rescinding the costs of legal services." In the trial court, Gaspar complained about an order "to pay attorney's fees." The record, however, is clear that the award beyond costs of court was for the fine assessed against Gaspar.

3

(Tex. 2011).  A trial court may order withdrawal for "court fees and costs" and "for fines."  TEX.
GOV'T CODE ANN. § 501.014(4), (5) (West Supp. 2011).  The record establishes the trial court's
orders were based solely on court costs and fines.  The trial court did not abuse its discretion.  We
overrule this issue.

We affirm the trial court's judgment.

Josh R. Morriss, III
Chief Justice

Date Submitted:      April 26, 2012
Date Decided:        May 1, 2012

4